**KIYOSHI KAWAGUCHI v. ACHESON, Secretary of State.**

No. 12384.

United States Court of Appeals.

Ninth Circuit.

Aug. 22, 1950.

Bone, Circuit Judge, dissented.

Minoru Yasui, Denver, Colo., A. L. Wirin and Fred Okrand, all of Los Angeles, Cal., for appellant.

J. Charles Dennis, U. S. Atty., John E. Belcher, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before STEPHENS and BONE, Circuit Judges, and McLAUGHLIN, District Judge.

McLAUGHLIN, District Judge.

The problem presented by this appeal is whether or not in refusing to grant a re-

quest for a continuance the trial court committed reversible error.

 We think it did, and that the judgment therefore must be reversed.

Briefly, this is an action brought by the appellant, residing in Japan, under Section 503 of the Nationality Act, 8 U.S.C.A. § 903, 54 Stat. 1171, for a declaratory judgment upon an issue relating to his alleged United States citizenship.

The matter was set for trial on July 28, 1949. When called on that date, by counsel, appellant asked for a continuance. His request was predicated upon the ground that the United States Consul in Yokohama, Japan, had not yet, despite repeated petitions, acted either favorably or unfavorably upon appellant's application, under Section 503 of the Act, for a certificate of identity. Where such an application is made in good faith and the claim of citizenship has a substantial basis, such a certificate must issue to enable the applicant to travel to the United States for the limited purpose of attending and testifying at the trial of his pending action.

This appellant, born a citizen of both the United States and of Japan, while in Japan in 1939 renounced his allegiance to Japan, but again resumed it in 1943. The issue appears thus to be whether or not by appellant's action under the laws of Japan in 1943, he forfeited under our law his American citizenship. 8 U.S.C.A. § 801. Appellant alleges that he did not, for he asserts that he was forced by the primitive instinct of survival to resume his Japanese nationality in 1943 in order to keep from starving, as no one but a Japanese subject in 1943 could then obtain a job in Japan. As already noted, as of the date of trial, the Counsul had taken no action upon appellant's application for a travel certificate. His certificate application had neither been granted nor denied.

An action under Section 503 is unique and presents considerations non-existent in the ordinary case where the complainant resides in our country. In the usual situation, it is the plaintiff's fault of which he cannot in the absence of special circumstances be heard to complain, if, after reasonable no-

tice, he is not ready for trial. But here, the intention and the credibility of the complainant is, under our law of expatriation, of vital significance. 8 U.S.C.A. § 801; Acheson v. Murakami, 9 Cir., 176 F.2d 953, 965; Do Reis ex rel. Camera v. Nicolls, 1 Cir., 161 F.2d 860.

 In such a situation, where the availability for trial of the principal witness for the party having the burden of proof is controlled exclusively on the administrative level by that party's adversary, our concept of due process dictates that such a cause be not heard upon its merits while that barrier, constituting the sole reason for the complainant's unavailability for trial, obtains by reason of appellee's failure to act in accordance with the provisions of the statute.

Reversed, with further proceedings to be in accord with this opinion.

BONE, Circuit Judge.

I would affirm the judgment of the lower court.