ACHESON, Secretary of State, v. NOBUO ISHIMARU.

No. 12690.

United States Court of Appeals
Ninth Circuit.
Dec. 4, 1950.

Ray J. O'Brien, U. S. Atty., Howard K. Hoddick, Asst., Honolulu, T. H., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Wilfred C. Tsukiyama, Honolulu, T. H., A. L. Wirin, Los Angeles, Cal., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

This matter is before us on a motion to dismiss the appeal of the Secretary of State on the ground that the order of which he seeks review is not appealable. By agreement of the parties, the appeal is likewise before us for decision on the merits in event the motion to dismiss is denied.

In 1948 appellee (hereafter called the plaintiff) brought suit against the Secretary pursuant to § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,[1] to obtain a judgment declaring him to be a national of the United States. The Secretary answered, but notwithstanding the suit has long been at issue it has not been tried, allegedly because of the refusal of the Consular authorities to grant the plaintiff's application for a certificate of identity so that he may come to Hawaii, where the suit is pending, to testify in his case. Consult Statute, note 1, supra. In March of 1950 plaintiff moved for an order directing the Secretary to issue such a certificate, supporting the motion by an affidavit of his counsel giving an account of the circumstances. The matters stated in the affidavit were not controverted by the Secretary, and the court ordered the latter to issue a certificate, or other equivalent document, enabling the plaintiff to return to Hawaii for the purpose of attending the trial and being a witness in his own behalf. It is from this order that the appeal was taken.

It appears to be undisputed that the plaintiff, as alleged in his complaint, was born in the Territory of Hawaii and went as a minor to Japan. As conceded by the Secretary in his argument here, the sole issues raised below are: "1. Did the Appellee expatriate himself, under the provisions of Section 801c, Title 8, United States Code, by serving in the Japanese Army? 2. Did the Appellee expatriate himself, under the provisions of Section 801e, Title 8, United States Code, by voting in a political election in a foreign state, namely Japan?"[2]

We are of opinion that the order below is not appealable. It appears not to fall "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528. By this order the district court but took a step toward final disposition of the merits of the case. The order is more near-

1. The statute reads: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States; and from any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Secretary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided." 8 U.S.C.A. § 903.

2. By reference to the statute (footnote 1, supra) it is seen to provide that "Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States".

ly analogous to that held purely interlocutory in Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, involving an attempted appeal from the denial of a motion to quash a subpoena duces tecum.

The appeal is dismissed.