## MAZZA v. ACHESON, Secretary of State.

### No. 29141.

United States District Court
N. D. California, S. D.
Feb. 1, 1951.

Cosgrove, Molinari & Tinney, San Francisco, Cal., and Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff petitions this Court for an order to show cause why he should not be admitted into the United States as a citizen of this country by reason of birth in San Francisco, California, on January 25, 1918.

Plaintiff was taken to Italy at the age of four by his parents and has remained there ever since. He volunteered for military service in the Italian Army in 1938, before he became of age. He served until May 6, 1940, and thereafter served from March 15, 1941, until September 27, 1945. He denies that the second period of service was voluntary. As a prerequisite for his initial army service, plaintiff took an oath of allegiance to Italy. This oath was in effect when he became twenty-one years of age and under the duty of declaring allegiance to the United States if he would exercise his rights of citizenship in his country of birth.

Plaintiff now seeks to appear before this Court in a proceeding under 8 U.S.C.A. § 903, Nationality Act of 1940, Section 503, which section provides for the issuance of certificates of identity whereby the individual certified may appear before a District Court to establish his claim to United States citizenship. The section reads in part as follows: "* * * from any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Secretary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided."

In accordance with the requirements of the quoted section, the State Department has issued certain regulations dealing with certificates of identity. Among them is Section 50.28 of Code of Federal Regulations, Title 22. This section sets out in detail the process by which an applicant may prepare his appeal from an adverse ruling on the lower State Department level to the Secretary of State. Compliance with this section is essential before an applicant shall have exhausted the administrative process.

The facts of the instant case, as set forth in plaintiff's affidavit and as elaborated in oral argument before this Court, show that plaintiff, for more than a year, has sought to obtain a certificate of identity from the Consular Service in Italy. His efforts have been frustrated, repeatedly, by delay and by a series of hearings which culminated in the expression of an opinion from the Department of State dated September 6, 1950, to the effect that the hearing officer would deny a certificate of identity, should formal application be made. In the light of this record, it is apparent why plaintiff failed to file his application for the certificate of identity.

The decision of Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310, 311, holds that a District Court must grant a continuance in a matter such as is presented by the instant case, until such time as the applicant for a certificate of identity under 8 U.S.C.A. § 903 has had opportunity of obtaining a ruling on his application. The Kawaguchi case is very similar to that which is now before the Court, except it would ap-

pear that Kawaguchi actually filed his application for the certificate with the United States Consul in Yokohama, Japan. If plaintiff in the case now before this Court had actually filed his application with the American Consul in Italy, there is no question but that this Court would be compelled to retain jurisdiction until such time as the Department of State had had time in which to rule.

United States ex rel. Chu Leung v. Shaughnessy, D.C., 88 F.Supp. 91, relied upon by the Government in urging this Court to refuse to sign the order to show cause, holds that a person outside of the United States who institutes an action under Section 503 of the Nationality Act of 1940 must apply for and obtain a certificate of identity which will admit him to the United States to prosecute his suit. If the Department of State believes that such certificate should not or need not be granted, prosecution may proceed without the person being present before the District Court.

Where plaintiff, as in the case at bar, believes his presence is essential in order to make a proper showing, he may appeal to the Secretary of State for the certificate of identity if it has been denied by the Consular Service. He should take such step before a District Court intervenes and orders a hearing. The facts fail to disclose such an appeal in the instant case where plaintiff has failed to file his formal application for a certificate of identity with the Consular Service in Italy. Under these circumstances, it is questionable whether this Court may proceed to issue the order to show cause or to grant the relief sought by plaintiff in his complaint.

In keeping with the procedure outlined in Kawaguchi v. Acheson, supra, this Court believes it should retain jurisdiction until such time as plaintiff has had an opportunity of exhausting his administrative remedies in the State Department and before the Secretary of State. Should his effort to obtain a certificate of identity prove futile before the Secretary of State, thereafter he may seek relief in this Court by means of an order to show cause.

Accordingly, the Court will retain jurisdiction pending an effort on petitioner's part to exhaust his administrative remedies, but will not issue the order to show cause at this time.