## LOOK YUN LIN v. ACHESON.
### No. 28984.

United States District Court
N. D. California, S. D.
Feb. 8, 1951.

See also D.C., 87 F.Supp. 463.

Joseph S. Hertogs, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Petitioner, an alleged citizen of the United States, now detained in China, seeks to attend a court hearing in this District in order to establish her United States citizenship. In order to accomplish this purpose petitioner has moved the Court for an order directing defendant to issue a certificate of identification in accordance with the provisions of 8 U.S.C.A. § 903, Section 503, Nationality Act of 1940.

The undisputed record before this Court establishes the fact that petitioner sought to come to the United States in 1946 by making application for documentation as a United States citizen with the American Consul at Canton, China. In February, 1949, the American Consulate advised petitioner that her claim of citizenship would not be recognized. In May of 1950, after exhaustive attempts to secure a certificate of identity on the consulate level, the petitioner succeeded in having her claim referred to Washington. Her counsel complied with the regulatory provisions set forth in Title 22 Code of Federal Regulations, particularly 50.28. Despite the passage of eight months and the efforts of her counsel to obtain a ruling, the State Department has failed to act on the application.

In the light of this record the Court is constrained to follow the ruling of the District Court in the case of Nobuo Ishimaru v. Acheson, affirmed 9 Cir., 185 F.2d 547. The facts of this case would indicate that, consistent with the requirements of 8 U.S.C.A. § 903, petitioner has exhausted her administrative remedies and is entitled to her day in Court. See Kiyoshi Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310; otherwise all remedy would be frustrated.

Accordingly, it is ordered that the defendant issue a Certificate of Identity to plaintiff for the limited purpose of proceeding to the United States in order to testify as a witness in her own behalf at the trial of the pending action.