**YEE GWING MEE et al. v. ACHE-SON, Secretary of State.**

No. 30994.

United States District Court
N. D. California, S. D.

Sept. 5, 1952.

Jackson & Hertogs, San Francisco, Cal., for plaintiffs.

Chauncey Tramutolo, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

On November 2, 1951, plaintiff Baw filed this action, pursuant to § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, for a judgment declaring him to be a national of the United States. His complaint alleges that he is a citizen of the United States and that the defendant Secretary of State unlawfully denied him a right and privilege as such by refusing to issue to him the necessary travel documents in order to travel from Hongkong, China to the United States.

Subsequent to the filing of the complaint, one of plaintiff's counsel filed an affidavit reciting the fact that plaintiff had been denied. travel documents; that he had thereupon filed this action; that the Consul General in Hongkong, China, had denied him a certificate of identity issuable pursuant to section 903; and that the defendant as Secretary of State, on appeal had

affirmed the action of the American Consul. Thereupon, upon plaintiff's petition, the court issued an order directing the defendant to show cause why an order should not be entered "directing the defendant to permit petitioner Baw to proceed to the United States for the purpose of appearing as a witness in the matter now pending before this court." Upon the return date fixed in the order, the matter was argued, then briefed and submitted for decision. The record of the proceedings before the American Consul in Hongkong showed that the Consul conducted an examination of various witnesses, respecting the identity of the plaintiff and also had before him a medical and radiological report to the effect that the applicant for the certificate was anatomically in a different age group than that of the plaintiff. The "certificate of identity" referred to is a document which certifies that the applicant therefor is found to be the person who, in good faith, is prosecuting a suit under section 903. When it is issued, it permits the applicant to travel to the United States to prosecute his litigation.

The main and vital issue is whether the court has power, in a proceeding under section 903, to order the Secretary of State to issue a certificate of identity to plaintiff in such action. Plaintiff contends that the court has what he denotes as "ancillary" power, in a proceeding under section 903, in aid of the proceeding, to issue the order requested. In effect, he urges that in any case brought pursuant to section 903, plaintiff is entitled to receive a certificate of identity and hence that in every case of denial by the Secretary of State, the court has power to issue and the petitioner should receive an order as requested. The defendant contends that neither by section 903, or otherwise, is such power or jurisdiction vested in a United States District Court.

■ The order sought is in the nature of mandamus. No power is vested in a United States District Court under section 903 to issue the order requested. To the contrary, section 903 provides that a person outside the United States, who files an action claiming citizenship, "*may,* upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a *diplomatic or consular* officer of the United States * * * a certificate of identity * * *." The statute further provides that the applicant may appeal to the Secretary of State from a denial by the consular officer of the certificate, and that the Secretary, if he affirms the denial, must state his reasons therefor in writing. The statute also authorizes the Secretary of State, with the approval of the Attorney General, to prescribe rules and regulations for the issuance of certificates of identity. Such regulations have been issued. 22 C. P.R. 50.18–50.29. · The only restriction the statute imposes upon the Secretary is that he may not deny a certificate *solely,* on the ground that the applicant "has lost a status previously had or acquired as a national of the United States"..

We therefore look in vain, *within* the statute, for any power there vested in a United States Court to direct the issuance of a certificate. Whenever Congress has decided to authorize United States Courts to issue orders or make judgments in connection with administrative proceedings, it has specifically provided therefor by statute.[1]

To construe this statute, as urged by plaintiff, would render illusory and nugatory, the power therein vested in the Secretary of State. For it would make the statute read to the effect that a certificate of identity must, ipso facto, issue in any case where a section 903 complaint is filed.

1. For example, see Review of disallowance of debt claim by Alien Property Custodian, 50 U.S.C.A.Appendix, § 34.
    Review of orders of the Securities and Exchange Commission, 15 U.S.C.A. § 77i.
    Review of farm marketing quotas, 7 U.S.C.A. § 1366.

Review of orders of Secretary of Agriculture under Packers and Stockyards Act, 7 U.S.C.A. § 194.
    Review of arbitration award under Railway Labor Act, 45 U.S.C.A. § 159.

■ ˙ We must look elsewhere, then, to find the power, which plaintiff is pleased to ˙call "ancillary." But when we do so, we run headlong into a stone wall, to-wit, the prohibition that prevents courts from compelling performance, when refused, of a non-ministerial duty by an executive officer of the government. Marbury v. Madison, 1803, 1 Cranch. 137, 5 U.S. 137, 168, 2 L.Ed. 60; Linklater v. Perkins, 1934, 64 App.D.C. 69, 74 F.2d 473; United States ex rel. Alaska Smokeless Coal Co. v. Lane, 1919, 250 U.S. 549, 40 S.Ct. 33, 63 L.Ed. 1135.

■ It is true that there is authority to compel performance when refused, of a ministerial duty. Also a Federal Court can, in some instances, compel action in matters involving judgment and discretion, but then only to compel an officer to take action one way or another, but not to direct the exercise of judgment or discretion in a particular way, Wilbur v. U. S. ex rel. Kadrie, 1930, 281 U.S. 206, at 218, 50 S.Ct. 320, 74 L.Ed. 809.

The record shows that the American Consul in Hongkong had evidence before him which called for the exercise of discretionary judgment on his part as to the identity of the applicant for the certificate of identification. Section 903, by its very terms, confers discretionary power upon American consular officers and upon the Secretary of State in the issuance of Certificates of Identity. There is, by the statute, vested in consular officers and the Secretary of State, the power to determine whether or not the showing made by an applicant for a Certificate of Identity is "in good faith" and "has a substantial basis". The plain language of section 903 conclusively negates any claim that the function of the Secretary of State is ministerial.

There is no authority in law, anywhere discoverable, which vests in this court the power or jurisdiction to make a determination which, by this statute, is exclusively vested in the Secretary of State and consular officers of the United States. To grant the order prayed for would be in effect a determination by this court, irrespective of the determination of the Secretary of State, and as a judicial matter, the very subject matter committed by the statute to the decision of the executive branch of the government. This would be an unwarranted and unconstitutional exercise of power by the courts. We should be mindful always of Chief Justice Marshall's statement to the effect that courts should be equally circumspect in assuming jurisdiction where it is not vested as in refusing to exercise power where it exists. Bank of United States v. Deveaux, 1809, 5 Cranch. 61, 9 U.S. 61, 85, 3 L.Ed. 38.

Nothing in section 903 warrants the conclusion that a petitioner availing himself of this statute has a right to be present in the United States to prosecute his litigation. See U. S. ex rel. Chu Leung v. Shaughnessy, D.C.S.D.N.Y.1950, 88 F.Supp. 91, at 93. Kawaguchi v. Acheson, 9 Cir., 1950, 184 F.2d 310, cited by petitioner, does no more than hold that a petitioner in an action under section 903 shall not be compelled, over his objection, to proceed to trial in such action while he is abroad.

Petitioner has called attention to an unreported decision of Judge Driver, of the Eastern District of Washington, in Lee Tin Loy v. Acheson, # 1018, on July 9, 1952, wherein Judge Driver stated his belief that the court has the power to issue an order of the kind sought here. The facts in the Lee Tin Loy case are not before me. But it appears from a statement in the oral opinion quoted, that Judge Driver was acting under the assumption that the act of the Secretary of State, in denying a certificate of identity in the cited case, was a ministerial act and hence the court had power to direct him to perform it. I must respectfully differ, inasmuch as I am of the opinion that the power conferred upon the Secretary of State under section 903 is not ministerial in character.[2]

2. Since filing this opinion, the court has learned that Judge Driver's statement was not made in an opinion. It was merely a remark by Judge Driver at the time he issued an order to show cause. Subsequently, Judge Driver decided the question in accordance with this opinion which he referred to.

It is argued that the defendant, by foreclosing the right to travel documents, may defeat the very litigation directed against him. If the denial of the certificate has that effect, then the remedy is by legislation.

There is no way of knowing before trial, whether the presence of petitioner is indeed necessary. It may well be that at trial, if the presence of petitioner proves to be necessary, the court may, pursuant to its inherent power in that regard, order the defendant to cause the production of plaintiff *as a witness*. But that need not now be decided. If the power to do so does exist, it could not, of course, be exercised except upon a proper showing. Certainly no showing is made here as to any need for the presence of this child plaintiff in order to determine the litigation. Indeed, it is difficult to see how he could give any pertinent evidence as to his own birth or parentage or identity.

The suspicion is not wholly unwarranted that the main object of the proceeding is to get the child into the United States irrespective of the merits of his claim of nationality.

Being of the view that this court has no power in a proceeding under section 903 to issue the order sought, the petition for such order should be and is denied.