**LEW MUN WAY v. ACHESON,**
Secretary of State.

No. 13614.

United States District Court
S. D. California, Central Division.

Feb. 2, 1953.

---

8. No opinion for publication.

Benjamin W. Henderson, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty. and Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Lew Mun Way filed this action pursuant to Section 903, Title 8, U.S.C.A., for a judgment declaring him to be a national of the United States of America. His complaint alleges he is a citizen of the United States and that the defendant Secretary of State has refused to recognize plaintiff's claim as a national of the United States and has refused to issue to plaintiff the necessary passport or travel documents to permit him to enter or remain in the United States or to travel to his family home in Los Angeles, California.

In the complaint plaintiff alleges he was born in Lung Gong Village, Hoy San, Kwantung, China, on April 25, 1933, to

Lew Chow Get, father, and Louie Shee, also known as Louie May Fong, mother, and that said Lew Chow Get is a citizen of the United States of America and was such citizen and had resided in the United States of America prior to plaintiff's birth in China.

Plaintiff has never been out of China. Sometime prior to filing this complaint he made application to defendant herein for a certificate of identity, to be allowed to proceed to the United States of America as a national thereof. When the certificate of identity, or travel authorization, was denied, plaintiff filed this action as aforesaid under Section 503 of the Nationality Act of 1940, Title 8 U.S.C.A. § 903, which provides as follows:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * * *"

Plaintiff alleges the action herein is brought in good faith and that his claim of residence is also made in good faith. Plaintiff states his age is approximately twenty years. He has never been in the United States of America and has never resided in Los Angeles County, California, but claims residence in this district upon the ground that his father is resident in Los Angeles County, California.

Section 903, supra, states that the action may be filed in the United States district court for the district "in which such person claims a permanent residence". The section does not demand that a plaintiff be a permanent resident of the district. It does not even require that plaintiff be residing in the district at the time the action is filed. The section requires only that the case be filed in the district "claimed" by the plaintiff as his permanent residence. If the action could not be filed in the district court of the Southern District of California (of which Los Angeles County is a part), then it would have to be filed in the District Court of the United States for the District of Columbia. No question of venue has been raised in this case, and inasmuch as such question has not been raised, the court is of the opinion that the issue of venue has been waived by the government.

On December 22, 1952—eleven months after the filing of this action—plaintiff's attorney filed a motion that defendant be required to issue a certificate of identity to plaintiff, as provided in Section 503 of the Nationality Act of 1940 (Title 8 U.S. C.A. § 903), and that plaintiff be permitted to come to this country for the purpose of testifying in the above entitled action. The motion was based upon an affidavit of counsel for plaintiff herein.

Counsel's affidavit sets forth that on July 16, 1951, prior to the filing of this action, the defendant by and through the American Consul at Hong Kong, China, had denied plaintiff's rights and privileges as a national of the United States by denying his application for authorization which would permit him to travel to the United States of America as a national thereof. That thereafter, and on December 7, 1951, the affiant (plaintiff's attorney) forwarded a request, together with supporting evidence, to the American Consul General, Hong Kong, China, for a certificate of identity for plaintiff, pursuant to Section 903, Title 8 U.S.C.A. and that said application was formally filed with the said Consul General as Application No. 357 on January 2, 1952. That said application was denied on May 28, 1952, and thereafter an appeal was made to the Passport Division, Department of State, Washington, D. C., as provided by law, and that the decision of the Consul General was affirmed on September 5, 1952.

The affidavit further sets forth that the basis for refusal to issue the certificate of

identity is the statement of a doctor that a radiological examination indicated the subject (plaintiff) to be about twelve or thirteen years of age, while subject claimed to be about nineteen years old; that the Consul General concluded the claim of nationality " 'has not been made in good faith and has no substantial basis.' "

No counter-affidavit was filed on behalf of the government, and it is assumed there is no dispute as to the administrative procedures pursued and the results thereof.

On December 30, 1952, the District Attorney filed a memorandum, setting forth a purported letter written to plaintiff's attorney herein by the Chief of the Passport Division on September 5, 1952, in reference to the application for a certificate of identity made by the plaintiff. The letter says, in part:

"* * *' The only evidence submitted by the applicant in support of his claim was an affidavit executed on March 14, 1950, by his alleged father, Lew Chow Get, and in which the affiant stated that he left China for the last time in November of 1932, some eight months before the applicant was born.

"Since the applicant appeared to be much younger than his asserted age, he was requested to undergo a radiological examination for the purpose of substantiating his claim that he was nearly 18 years old. On June 6, 1951, a competent and reputable physician reported that your client was about 10 years of age. In view of the approximately eight years discrepancy between his radiologically determined age and his claimed age, the examining officer concluded that your client was not the person he purported himself to be and that his claim of citizenship was fraudulent. His application was thereupon disapproved. This action was sustained by the Department after a thorough review of the evidence. * * *

"On November 8, 1951, a civil action pursuant to 8 U.S.C. 903 was filed in the United States District Court for the Southern District of California, Central Division, in behalf of Lew Mun Way who subsequently applied for a certificate of identity. In connection with his application, your client was radiologically examined by another physician who placed the applicant's age at between 12 and 13, when according to his claimed age he was almost 19. In view of the wide discrepancy in age, the Consulate General concluded that the claim of your client to citizenship was not made in good faith and did not have a substantial basis and disapproved his application for a certificate of identity. It is from this later action that you have appealed to the Secretary of State. Although there are present in Hong Kong many reliable physicians qualified to radiologically examine your client, it is noted that in your appeal no attempt was made to show that the results of such examinations were incorrect.

"A careful reading of the authorities cited in your brief will show clearly that certificates of identity are required to be issued only after it has been established to the satisfaction of the officers mentioned in the statute that the claim to United States nationality is made in good faith and has a substantial basis. * * *

* * * * * *

"In view of the foregoing the Department is of the opinion that the claim of Lew Mun Way to American nationality is not made in good faith and does not have a substantial basis. * * *"

Since the filing of the memorandum, attached to which is the copy of the letter of September 5, 1952, from which excerpts are quoted above, no counter-affidavit has been filed denying the writing or receipt of the letter, and no evidence has been presented to establish that administrative procedures as set forth in the letter were not actually followed. No claim has been made by the government that plaintiff herein has not exhausted his administrative remedies.

Many plaintiffs in similar actions filed against the Secretary of State have

been denied certificates of identity or other travel documents. In proceedings de novo such as this the court does not have a right, at the trial, to review administrative procedures or the decisions of the Secretary of State. In fact, conclusions of law and decisions are not admissible in the trial.

However, a different problem may be presented upon an application for a certificate of identity to testify at plaintiff's own trial. In considering a plaintiff's application for a certificate of identity or travel document permitting him to enter the United States to prosecute his action and testify in his case, does the court have the right to review the administrative procedures to ascertain whether or not the application for a travel document based upon American nationality is made in good faith and has a substantial basis?

It is agreed by all parties that the testimony of witnesses (including that of plaintiff in China) could be obtained by depositions; nevertheless, it would be most unsatisfactory, as the court prefers to observe the plaintiff, hear his testimony, and "size up" plaintiff and his case by his demeanor and attitude upon the witness stand, by the manner in which he testifies and the discrepancies that might be developed through cross-examination. If plaintiff's deposition were taken in Hong Kong, the court would be deprived of any personal view of plaintiff and would not be able to come to any conclusion as to his veracity, his demeanor or his attitude, and the government would be at a great disadvantage in attempting to establish discrepancies.

There are those who maintain (among them the attorney for plaintiff herein) that after an action has been filed in this country by a resident of China, claiming American nationality under Section 903, plaintiff is entitled as a matter of right to a certificate of identity for the purpose of being present and testifying at his trial. Such individuals argue that a law would be futile which allows a plaintiff to file an action and then denies plaintiff the right to testify in person at the trial.

The court is familiar with the opinion of the Honorable Louis E. Goodman of the Northern District of California, Southern Division, in Ly Shew v. Acheson, 110 F.Supp. 50, in which Judge Goodman points out that the order sought for certificates of identity is in the nature of mandamus, and that no power is vested in a United States District Court under Section 903 to issue such an order. However, this court is unable to follow the opinion as expressed by Judge Goodman, inasmuch as it appears the Circuit has in two cases already passed upon this particular problem. Although in the two cases in question the Circuit did not definitely say the District Court had jurisdiction to make such an order, nevertheless, such an order was before the Circuit, and the Circuit did not say the order was unlawful.

In Kiyoshi Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310, 311, plaintiff, who resided in Japan, brought an action under Section 903, similar to that in the case at bar, and the matter was set for trial. When called for trial, counsel for plaintiff asked for a continuance, predicating his request upon the ground that the United States Consul at Yokohama, Japan, had not, despite repeated petitions, acted either favorably or unfavorably on applicant's request under Section 503 of the Act for a certificate of identity. The Court said, in part:

"* * * Where such an application is made in good faith and the claim of citizenship has a substantial basis, such a certificate must issue to enable the applicant to travel to the United States for the limited purpose of attending and testifying at the trial of his pending action.

\* \* \* \* \* \*

"In such a situation, where the availability for trial of the principal witness for the party having the burden of proof is controlled exclusively on the administrative level by that party's adversary, our concept of due process dictates that such a cause be not heard upon its merits while that barrier, constituting the sole reason for the complainant's unavailability for trial, obtains by reason of appellee's failure to act in accordance with the provisions of the statute."

Acheson v. Nobuo Ishimaru, 9 Cir., 185 F.2d 547, was an action brought pursuant to Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, to obtain a judgment declaring plaintiff a national of the United States. The Secretary of State refused to grant plaintiff's application for a certificate of identity to permit him to go to Hawaii (where the suit was then pending) to testify in his action. Plaintiff moved the court for an order directing the Secretary of State to issue such certificate, supporting his motion by an affidavit of counsel giving an account of the circumstances. The matter stated in the affidavit was not controverted by the Secretary, and the court ordered the latter to issue a certificate or other equivalent document enabling plaintiff to travel to Hawaii for the purpose of attending trial and testifying as a witness in his own behalf. From the order made by the lower court an appeal was taken to the Ninth Circuit, which held such an order was not appealable.

■ Jurisdiction can be raised at any stage of a proceeding; and it would seem to this court that if the lower court in Acheson v. Ishimaru, supra, did not have jurisdiction to make an order, such as determined by Judge Goodman in Yee Gwing Mee, etc. v. Acheson, D.C., 108 F. Supp. 502, the Circuit certainly would have so held rather than holding, as it did, that such an order was not appealable.

The District Courts of the Northern District of California are not in accord, as other district judges for the Northern District of California have come to a decision contrary to Judge Goodman's in the Yee case, supra. Judge Harris of the Northern District, in Look Yun Lin v. Acheson, D.C., 95 F.Supp. 583, held that a plaintiff was entitled to a certificate of identity. In that case the plaintiff, an alleged national of the United States then detained in China, sought to attend a court hearing in San Francisco to establish her United States nationality. To accomplish this purpose plaintiff moved the court for an order directing the defendant to issue the certificate of identity in accordance with the provisions of 8 U.S.C.A. § 903. The Court said, 95 F.Supp. at page 584:

"In the light of this record the Court is constrained to follow the ruling of the District Court in the case of Nobuo Ishimaru v. Acheson, affirmed 9 Cir., 185 F.2d 547. The facts of this case would indicate that, consistent with the requirements of 8 U.S.C.A. § 903, petitioner has exhausted her administrative remedies and is entitled to her day in Court. See Kiyoshi Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310; otherwise all remedy would be frustrated.

"Accordingly, it is ordered that the defendant issue a Certificate of Identity to plaintiff for the limited purpose of proceeding to the United States in order to testify as a witness in her own behalf at the trial of the pending action."

■ From the foregoing, this court cannot hold that it does not have jurisdiction to order that the Secretary of State issue a certificate of identity to plaintiff herein for the limited purpose of proceeding to the United States to testify as a witness in the case at bar.

Now we proceed to the second question which must be answered by the court, namely: Is a party who has filed an action in accordance with the provisions of Section 903 entitled to a certificate of identity as a matter of right?

■ It has been contended by attorneys representing plaintiffs in these actions that the court must order the issuance of a certificate of identity when application is made, for otherwise applicant (plaintiff) would not be allowed to come to this country to testify, and, therefore, his or her remedy would be frustrated. A review of the provisions of 8 U.S.C.A. § 903, Section 503 of the Nationality Act of 1940, does not disclose any provision to indicate the certificate must be issued to the plaintiff as a matter of right. It appears from a statement made by the Ninth Circuit in Kawaguchi v. Acheson, supra, that when such an application *is made in good faith and the claim of citizenship has a substantial ba-*

*sis* [1], such a certificate must issue to enable the applicant to travel to the United States for the limited purpose of attending and testifying at the trial. Consequently, before such application is granted, the court must determine two things:

1. Is the application made in good faith; and

2. Has the claim of citizenship a substantial basis?

A determination of these two questions is certainly a different determination for the court from the problem presented at trial. It may well be that a trial is a de novo proceeding in these cases; but certainly when the court comes to pass upon the question of whether or not the application for a certificate of identity is made in good faith, or whether the claim of citizenship has a substantial basis, the court should be entitled to examine all of the administrative procedures and the results thereof to determine whether applicant has a substantial claim and whether the claim is made in good faith.

In the case at bar the only evidence bearing upon the two questions presented is the affidavit filed by counsel for plaintiff and the memorandum filed by the District Attorney's office, setting forth some of the administrative procedures. It appears that the only evidence submitted to the State Department by applicant in support of his claim was the affidavit executed by the alleged father, in which affiant stated he left China the last time eight months before the birth of applicant. Here we have an affidavit of a purported father who has no definite evidence that the individual allegedly his child is in truth and in fact his own son. At most the affiant's statement is hearsay. It may be true that when affiant departed from China his wife was pregnant; but that does not necessarily mean the child was actually born. There could have been a miscarriage, or a stillbirth, or (if the anticipated child was actually born alive) it could have died during infancy or early childhood. How anyone who has never seen his alleged child can make an affidavit, entirely unsupported by other evidence, stating that a certain individual who claims to be his child is in truth and in fact his son, is beyond comprehension.

It could be that a family resemblance exists, or even a similarity of appearance between the alleged father and son; but nothing of that nature appears in the record. On the contrary, it is shown that two reputable physicians in Hong Kong made separate radiological examinations of the plaintiff herein, and both of these physicians made findings that applicant is much younger than he claims to be—some eight years younger.

The court may take judicial notice of the fact that it is possible for a qualified physician to determine the age of an individual, within limits, by an examination of the bone structure and physical characteristics of the subject. Modern methods have demonstrated that definite changes take place within the human body at certain ages. For instance, puberty has long been recognized as occurring in an individual within certain age limits, and it is relatively easy to determine whether an individual has reached or passed the age of puberty or is in the early or later stages of that phase of development.

Evidence produced before this court by reputable experts appearing in other cases indicates it is possible to determine the age of an individual within a range of approximately three years by X-ray and other physical examinations and study. Certainly there is such a marked distinction between a youngster of twelve or thirteen years and a young adult of eighteen or nineteen that it should be easily detected by a competent, trained examiner.

As pointed out in the letter written by the Chief of the Passport Division to plaintiff's attorney herein, that although there were present in Hong Kong many reliable physicians, qualified to conduct radiological examinations, no attempt was made by plaintiff to obtain such an examination in order to disclose whether the findings theretofore made in the separate examinations of the two physicians men-

1. [Emphasis supplied].

tioned were incorrect. Either plaintiff did not avail himself of this opportunity to have the examination, or, if he did have the examination, the result coincided with the findings of the examining physicians heretofore mentioned and, therefore, was not presented to the State Department.

In view of the evidence produced in behalf of plaintiff to establish American nationality, the government came to the conclusion the claim was not made in good faith and does not have a substantial basis. Inasmuch as this court holds that in passing upon an application for certificate of identity it is permitted to examine the administrative procedure to determine whether or not the State Department was justified in denying the application on the grounds it was not made in good faith and does not have a substantial basis, this has been done, and we now conclude there is sufficient evidence in the record to sustain the finding of the State Department.

In a recent opinion by Judge Goodman, in the case of Ly Shew v. Acheson, supra, it is pointed out that the burden of proof in all steps of the proceedings is upon the plaintiff, and certainly in the case at bar plaintiff comes far short of establishing either that the action in question was filed in good faith or that it has a substantial basis.

Plaintiff's "Motion For Order That Defendant Issue Certificate Of Identity To Plaintiff" is denied.