**WONG YOKE SING et al. v. DULLES.**
Civ. No. 12408.

United States District Court
E. D. New York.
Nov. 2, 1953.

Sidney Rogers Lubin, New York City, Marvin M. Neuman, Philadelphia, Pa., for plaintiffs.

Leonard P. Moore, U. S. Atty. Eastern Dist. of New York, New York City, Gerard E. Molony, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

This is a motion by the plaintiff pursuant to Section 503 of the Nationality Act of 1940, Title 8 U.S.Code, § 903,[1] for an order directing the defendant to furnish the plaintiff with a travel document, called a certificate of identity, thereby enabling him to appear and testify in this action for a judgment, declaring the plaintiff to be a national of the United States.

The section of the applicable statute is as follows:

"§ 903. If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States; and from any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Secretary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided."

The petitioner, claiming to be a brother of the plaintiff, alleges that on February 3, 1951, Wong Yoke Sing executed an application before the American Consul General at Hongkong for issuance of an American passport or other travel facilities and that the application was denied on May 11, 1951, upon the ground that the plaintiff had failed to establish his American citizenship. On March 10, 1952, the said Consul General also denied the application for a certificate of identity. From this denial, on March 31, 1952, an appeal was made to the Secretary of State, the defendant herein. In this connection the Government states:

"An appeal was taken to the Secretary of State who agreed to issue a certificate of identity if the alleged mother (of the plaintiff) would submit to a blood test and if such test showed a possibility of a physical relationship between the mother and son · (plaintiff)".

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

Thus, the discretion of the Secretary of State was fairly exercised by affording the plaintiff an opportunity of establishing that the claim had a substantial basis. The plaintiff submitted to a blood test in Hongkong, as did his brother, the petitioner. The conflict of the relative equities stems from the failure of the alleged mother to submit to a blood test. The plaintiff claims that the mother was available in Hongkong, but was not invited to the Consulate. The Government maintains that such claim is facetious since the burden was upon the plaintiff and the mother should not have awaited an invitation. The motion is to compel the issuance of the certificate of identity prior to the fulfillment of the conditions, said conditions themselves not having been objected to by the petitioner or the plaintiff. Rather, they contend that every attempt was made to perform them. The Secretary of State did not deny the appeal in writing as provided by the statute. He opposed the motion upon the ground that the Court has no jurisdiction.

The first question is, whether this Court has jurisdiction to order the issuance of the certificate of identity in any situation. In the case of Lew Mun Way v. Acheson, D.C., 110 F.Supp. 64, 69, Judge Westover, writing for the Court, approved the reasoning in the case of Acheson v. Nobuo Ishimaru, 9 Cir., 185 F.2d 547, favoring such jurisdiction. The appealability of such an order was considered in the latter case. Judge Westover said in 110 F.Supp. at page 69:

"Jurisdiction can be raised at any stage of a proceeding; and it would seem to this court that if the lower court in Acheson v. Ishimaru, supra, did not have jurisdiction to make an order, such as determined by Judge Goodman, in Yee Gwing Mee, etc. v. Acheson, D.C., 108 F.Supp. 502, the Circuit certainly would have so held rather than holding, as it did, that such an order was not appealable."

It is true that some courts take a different position as was stated by Judge Westover in Lew Mun Way v. Acheson, supra, 110 F.Supp. at page 69:

"The District Courts of the Northern District of California are not in accord, as other district judges for the Northern District of California have come to a decision contrary to Judge Goodman's in the Yee case, supra. Judge Harris of the Northern District, in Look Yun Lin v. Acheson, D.C., 95 F.Supp. 583, held that a plaintiff was entitled to a certificate of identity. In that case the plaintiff, an alleged national of the United States then detained in China, sought to attend a court hearing in San Francisco to establish her United States nationality. To accomplish this purpose plaintiff moved the court for an order directing the defendant to issue the certificate of identity in accordance with the provisions of 8 U.S.C.A. § 903. The Court said, 95 F.Supp. at page 584:

" 'In the light of this record the Court is constrained to follow the ruling of the District Court in the case of Nobuo Ishimaru v. Acheson, affirmed 9 Cir., 185 F.2d 547. The facts of this case would indicate that, consistent with the requirements of 8 U.S.C.A. § 903, petitioner has exhausted her administrative remedies and is entitled to her day in Court. See Kiyoshi Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310; otherwise all remedy would be frustrated.

" 'Accordingly, it is ordered that the defendant issue a Certificate of Identity to plaintiff for the limited purpose of proceeding to the United States in order to testify as a witness in her own behalf at the trial of the pending action.' "

With those cases holding that such certificate should not issue may be added the opinion of Judge Holtzoff in Wong Fon Haw v. Dulles, D.C., 114 F.Supp. 906, citing Yee Gwing Mee v. Acheson, D.C., 108 F.Supp. 502, commented upon by Judge Westover in Lew Mun Way v.

**12**

Acheson, supra. Judge Holtzoff also cited Eng v. Acheson, D.C., 108 F.Supp. 682, at page 684, as authority, yet in that very case the Court said:

"By this statute, the diplomatic and consular officers have been granted a discretionary authority to determine whether in a particular case a certificate of identity should issue, and absent a showing that the exercise of this discretion was arbitrary or capricious, the decision cannot be reviewed by mandamus. U. S. ex rel. Knight v. Lane, 228 U.S. 6, 33 S.Ct. 407, 57 L.Ed. 709; Hammond v. Hull, 76 App.D.C. 301, 131 F.2d 23; Yee Gwing Mee v. Acheson, D.C.N.D.Cal.S.D., 108 F. Supp. 502."

It may be added that nothing to the contrary is set forth in the case of Wilbur v. United States, 281 U.S. 206, 218, 219, 50 S.Ct. 320, 324, 74 L.Ed. 809, which merely holds that mandamus is the remedy for compelling the performance of a ministerial duty, clearly delineated, or compelling, when refused, action in matters involving judgment and discretion, but not "to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." Nothing therein contravenes the principle that abuse of discretion and/or the nonexercise thereof may be reviewed by the Courts, where the failure to obtain the possible discretionary benefits might result from inaction on the administrative level in accordance with the statute. Kiyoshi Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310, 311.

■ Substance should be shown in order to warrant the exercise of discretion in favor of the issuance of the certificate. It is not meant to substitute the Court's discretion for that of the administrator, nor does the Court agree that such certificate be automatically issued merely by the filing of a claim therefor. If that were so, no discretion would be involved. The purpose is to review the absence or the abuse of discretion concerned with the denials of issuance of such certificates. Such discretion rests with the administrator. We cannot agree to the existence of the right of the plaintiff to be present at the trial, although he is not obliged to proceed with the action while the administrator arbitrarily withholds exercise of discretion. Kiyoshi Kawaguchi v. Acheson, supra. The plaintiff has the right to the exercise of discretion by the administrator on this point, and the matter is reviewable on the record as to whether there has been an abuse of discretion. Lee Mun Way v. Acheson, supra.

■ However, the Court is faced with the conditions imposed by the administrator, which have not been challenged and have not been complied with. In this connection, the administrator required the taking of a blood test of the mother in China, as an important part of the proof. Possibly, the failure to furnish this proof is the reason the Secretary of State has not denied the appeal in writing as prescribed by statute. Hence, a ruling at this time would be premature, since it is contended that the alleged mother was once available. The plaintiff should be afforded an opportunity of attempting to obtain a blood test of the alleged mother since the Secretary of State recognized a possible claim. The fairness of the defendant is commended and the Court is of the opinion that its ruling should be withheld in the interest of justice.

The motion to compel the issuance of the certificate is therefore denied, without prejudice to a renewal in accordance with the following provisions:

The plaintiffs are given ninety days to obtain a blood test of the alleged mother during which time the defendant is directed to render all possible assistance. Within thirty days thereafter the defendant is directed to allow or deny the issuance of the certificate in writing with his reasons therefor. Any further motion will be determined on the entire record.