**DULLES v. LEE GNAN LUNG.**

**No. 13695.**

United States Court of Appeals, Ninth Circuit.

March 30, 1954.

Rehearing Denied May 4, 1954.

---

Charles P. Moriarty, U. S. Atty., John E. Belcher, Asst. U. S. Atty., Seattle, Wash., for appellant.

Edwards E. Merges, Seattle, Wash., for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment of the United States District Court for the Western District of Washington in an action against the Secretary of State of the United States, hereafter called the Secretary. The action was instituted in the name and on behalf of Lee Gnan Lung, hereafter called Lung, by Lee Kut, hereafter called Kut.

In the complaint, Kut was described as Lung's next friend,[1] but it did not appear from the complaint that Lung needed a next friend, or that Kut was authorized to act as such. The complaint did not allege that Lung was an infant. Instead, it alleged that he was born on September 15, 1926. The action was instituted on February 19, 1952, at which time, according to the complaint, Lung was 25 years old. The complaint did not allege that Lung was incompetent. It did allege that he was temporarily residing in Hong Kong, China, but that fact, if it was a fact, did not render him incompetent or disable him from instituting the action by and for himself. However, he did not so institute it.

This purported to be an action under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,[2] which provided: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a

---

1. Rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

2. The Nationality Act of 1940, 8 U.S.C.A. § 501 et seq., was repealed by § 402(a) (42) of the Immigration and Nationality Act, 66 Stat. 280, effective December 24, 1952. However, this action, having been instituted on February 19, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280, 8 U.S.C.A. § 1101 note.

substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States; and from any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Secretary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided."

Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, did not give any court jurisdiction of any action other than an action instituted by a person who had claimed a right or privilege as a national of the United States and had been denied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he was not a national of the United States. This action does not appear to have been so instituted.

■ To state a claim upon which relief could be granted in an action under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, it was necessary to allege that the plaintiff in such action had claimed a right or privilege as a national of the United States and had been de-

nied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he was not a national of the United States. The complaint in this action did not so allege.

The complaint alleged that in February, 1951,[3] Kut caused to be prepared an "identification affidavit"[4] for the purpose of securing from an American consul in Hong Kong a "travel document"[5] to enable Lung to travel to the United States, and that the "identification affidavit" was filed with the consul shortly after its preparation;[6] but the complaint did not allege that Lung made or filed the "identification affidavit," or that he authorized such making or filing. Much less did it allege that Lung had claimed a right or privilege as a national of the United States.

The complaint alleged, in substance, that, up to the time the action was instituted—February 19, 1952—the consul had failed and neglected to issue a "travel document" to Lung; but it did not allege that Lung had been denied a "travel document." Much less did it allege that Lung had been denied a right or privilege as a national of the United States upon the ground that he was not such a national.

After the action was instituted, the District Court made an order directing that the Secretary "and/or his diplomatic or consular officer in Hong Kong, China, issue to [Lung] a certificate of identity, stating [Lung's] nationality status is pending before the court and permitting him to be admitted to the United States."

■ The District Court had no jurisdiction to make that order or any order directing or requiring the issuance of a

---

3. At that time, according to the complaint, Lung was 24 years old.

4. "Identification affidavits" were not mentioned in § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

5. "Travel documents" were not mentioned in § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

6. The complaint did not say who made the "identification affidavit" or who filed it with the consul. The "identification affidavit" was not, nor was any copy thereof, attached to or set out in the complaint or filed in the District Court or here. Hence we do not and cannot know who made the "identification affidavit," or who filed it with the consul, or what it contained.

certificate of identity.[7] We disagree with, and decline to follow, decisions [8] holding that district courts had jurisdiction to make such orders in actions under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

As indicated above § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, provided that any person who had claimed a right or privilege as a national of the United States and had been denied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he was not a national of the United States might institute an action against the head of such Department or agency in a district court of the United States for a judgment declaring him to be a national of the United States; that if such person was outside the United States and had instituted such an action in court, he might, upon submission of a sworn application showing that the claim of nationality presented in such action was made in good faith and had a substantial basis,[9] obtain a certificate of identity from a diplomatic or consular officer of the United States in the foreign country in which he was residing; and that, from any denial of an application for such certificate the applicant was entitled to appeal to the Secretary of State;[10] but § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, did not authorize any person to apply to any court for an order directing or requiring the issuance of a certificate of identity, nor did it give any court jurisdiction to make such an order.

In this case, no answer was filed, and no default was entered.[11] However, a so-called trial was had, evidence was adduced on behalf of Lung,[12] findings of fact and conclusions of law were stated, and on October 23, 1952, the judgment [13] here appealed from was entered—a judgment declaring that Lung "is a citizen of the United States by reason of being the foreign born son of a United States citizen, Lee Kut," and that Lung, "as such citizen, is entitled to all the rights and privileges appertaining to such citizenship, including his right to enter and remain in the United States."

The evidence adduced at the so-called trial did not show, nor did the District Court find or conclude, that Lung had claimed a right or privilege as a national of the United States or had been denied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he was not a national of the United States.

We conclude that the District Court had no jurisdiction of the action; that the complaint did not state a claim upon which relief could be granted; that

---

7. See Yee Gwing Mee v. Acheson, D.C.N. D.Cal., 108 F.Supp. 502; Eng v. Acheson, D.C.S.D.N.Y., 108 F.Supp. 682; Wong Fon Haw v. Dulles, D.C.S.D.N.Y., 114 F.Supp. 906.

8. See, for example, Look Yun Lin v. Acheson, D.C.N.D.Cal., 95 F.Supp. 583. In the Look Yun Lin case, the court cited Kiyoshi Kawaguchi v. Acheson, 9 Cir., 184 F.2d 310, and Acheson v. Nobuo Ishimaru, 9 Cir., 185 F.2d 547. In the Kiyoshi Kawaguchi case, we held that the trial court had erred in denying the plaintiff's motion for a continuance, and, because of that error, we reversed a judgment for the defendant. In the Nobuo Ishimaru case, we dismissed an appeal from an order directing the issuance of a certificate of identity to the plaintiff. We did not in either case hold that a district court had jurisdiction to make such an order.

9. Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, did not authorize or provide for the submission of such an application before such action was instituted. Lung, so far as the record shows, did not submit such an application after this action was instituted, nor is it here claimed or contended that he did so.

10. No such application having been submitted by Lung, there was, of course, no denial of such an application nor any appeal from such a denial.

11. See Rule 55 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

12. No evidence was adduced on behalf of the Secretary.

13. The judgment was labeled "Decree and adjudication of citizenship."

the evidence adduced at the so-called trial did not establish any fact or facts entitling Lung to any relief; and that the action should have been dismissed.

Reversed and remanded for dismissal.