**WONG DON HONG, by his next friend, Wong You Hi, Appellant,**

v.

**John Foster DULLES, Secretary of State, Appellee.**

**LEE BOK SING, Appellant,**

v.

**John Foster DULLES, Secretary of State, Appellee.**

**Nos. 4966, 4967.**

United States Court of Appeals, Tenth Circuit.

Dec. 27, 1954.

Submitted on briefs by Calvin W. Rawlings and Edward M. Morrissey, Salt Lake City, Utah, for appellants.

Submitted on briefs by A. Pratt Kesler, U. S. Atty., and Llewellyn O. Thomas, Asst. U. S. Atty., Salt Lake City, Utah, for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Wong Don Hong, by his next friend, Wong You Hi, was plaintiff in Number 4966 and Lee Bok Sing was plaintiff in Number 4967. The Secretary of State, John Foster Dulles, was the defendant in each case. Since the cases presented identical questions, they were consolidated for consideration on appeal and will be so treated in this opinion.

The two actions were instituted under Section 503, Nationality Act of 1940, 8 U.S.C.A. § 903, prior to its repeal by the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq. In each case the plaintiff sought a declaratory judgment declaring him to be a national of the United States. Each petition in substance alleged that plaintiff's father is an American citizen and his mother is a citizen of China; that his parents were married on a visit by his father to China; that by virtue of his father's citizenship he is a citizen of the United States; that plaintiff prepared, executed and submitted to the American Consulate General in China an affidavit attesting to the fact that he is the lawful blood son of an American citizen; that such affidavit was submitted in support of his application for the issuance of an American passport or travel document to enable plaintiff to come to the United States to commence his residence therein; that issuance of the passport was disapproved; that such refusal was arbitrary and unreasonable and constituted the denial of a right or privilege of a citizen of the United States; and that plaintiff had exhausted all administrative remedies available to him. In the first case, the prayer was for a judgment declaring plaintiff to be a citizen and national of the United States, and directing and enjoining the defendant to issue a certificate of identity as provided in Section 503 of the Nationality Act of 1940 [1], and in the latter case the prayer was for a judgment declaring plaintiff to be a national of the United States. In each case, the defendant filed a general denial of the allegations contained in the complaint.

Counsel for appellants were notified that the cases were set for hearing on June 13, 1953. Motions to dismiss were interposed by appellee and orders were issued to show cause why the actions should not be dismissed for lack of prosecution. Motions for continuance, supported by affidavits, were filed on behalf of appellants. The substance of the motion and the affidavits was that the presence of plaintiff at the trial was essential; that the United States Consul General had refused to issue to plaintiff a certificate of identity authorizing him to come to the United States; that such action had been appealed to the Secretary of State; that the availability of plaintiff for the trial was controlled exclusively by administrative officers of the Secretary of State and that no action had been taken on said appeal. A minute entry was made by the court continuing the cases without date. On June 2, 1954, motions to dismiss the actions were again entertained and hearing thereon was set for June 11, 1954. Motions in opposition to the motions to dismiss, supported by affidavits of counsel for appellants, were duly served and filed. A hearing was had and on June 14, 1954, the trial court made and entered orders of dismissal with prejudice for lack of prosecution.

The Immigration and Nationality Act, approved June 27, 1952, 66 Stat. 163 to 280, provides that it shall not become effective until 180 days after its enactment. It further provides that so far as pending cases are concerned it shall not affect any suit, action or proceeding brought at the time the Act takes effect. 8 U.S.C.A. § 1101 note. Since both of these cases were filed prior to the effective date of the 1952 Act, the questions presented arise under the Act of 1940. Section 503 of the Act sets out the procedural steps to be followed by one whose claim to the right or privilege of a national of the United States has been denied. In substance it provides that whether such a person is within or without the United States he may institute an action against the head of such department or agency, either in the District Court of the United States for the District of Columbia or in the District Court in the state in which he claims his permanent residence. If such person is outside of the United States, he may upon submission of a sworn ap-

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

plication showing that the claim has substantial basis obtain from a diplomatic or consular officer of the United States in the country in which he resides a certificate of identity, stating that his nationality status is pending in court, and he may then be admitted to the United States with the certificate, subject to deportation in case it shall be decided by the court that he is not a national of the United States. It is not necessary to set out the conditions surrounding the granting or denial of such a certificate. The Section further provides that from a denial of the application the appellant has a right of appeal to the Secretary of State who, if he approves the denial, shall state in writing the reasons for his decision.

The appellants in each case urge that the trial court committed reversible error in denying a second motion for a continuance. The complaint in Number 4966 was filed November 18, 1952. The motion to dismiss was sustained June 11, 1954, approximately seventeen months after the case was filed. The complaint in Number 4967 was filed February 7, 1952, and was likewise dismissed on June 11, 1954, approximately twenty-eight months after it was filed. While the interval of time in each case was considerable, no doubt many cases remain undisposed of on United States District Court dockets longer than these cases have pended.

The trial court may have been influenced in its decision by the fact that it was not apparent if or when appellants might be able to appear for trial. But that, under the circumstances of these cases, does not in our opinion warrant a dismissal of the cases at this time. Under Section 503 it is the duty of the Secretary of State to act upon the petition for review. He must either grant the application or deny it and state in writing his reasons for his denial. This under the facts in the record he has not done. At least until the Secretary has discharged his duties under the Act the Government should not be heard to say that the cases should be dismissed for want of prosecution. In Kiyoshi Kawaguchi v. Acheson, 184 F.2d 310, the Ninth Circuit held it was error to dismiss a similar cause of action when plaintiff's request for a certificate of identity remained undisposed of. The Government alone has it in its power to complete the administrative proceedings which will determine whether appellants will be permitted to come to the United States for the purpose of prosecuting their action. Appellants have done all they can under such circumstances. We think it was reversible error to permit the Government to urge a dismissal of the actions.

The Secretary of State as defendant in the action is within the jurisdiction of the court. If a reasonable time has elapsed for him to complete his review, make his decision, and state his reasons therefor in writing, as required by Section 503, an order of the court should be entered requiring him to show cause why the certificate of identity should not issue. If a reasonable time for such proceedings by the Secretary has not intervened, that is more reason why the actions should not be dismissed. Until he does comply with the Act, the Government should not be heard on a motion to dismiss the actions.

The judgment in both Numbers 4966 and 4967 is reversed and the causes are remanded with directions to reinstate for such further proceedings as are in conformity with the views expressed herein.