## Ex parte MATTHEWS.

(District Court, W. D. Washington, N. D. October 3, 1921.)

No. 6203.

**1. Habeas corpus ⊙⇒25(1)—An alien, who could not be deported pursuant to the warrant, held entitled to discharge.**

    An alien, who had been held in confinement for months on a warrant for his deportation, which the government was unable to execute because of uncertainty as to the country of his nativity or the absence of a recognized government there, *held* entitled to discharge on habeas corpus.

**2. Aliens ⊙⇒53—Can be deported only to country of nativity or allegiance.**

    Where an alien has been ordered deported to the country of which, as determined by the department, he is a native, an executive officer is without authority to amend the warrant by substituting a different country.

Habeas Corpus. In the matter of the application of John Matthews for writ to secure discharge from custody. Granted.

Geo. F. Vanderveer and Ralph, S. Pierce, both of Seattle, Wash., for petitioner.

Robert C. Saunders, U. S. Atty:, and Charlotte Kolmitz, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. [1] The petitioner under oath charges that:

"Under the provisions of the United States immigration statute on the 19th day of February, 1921, after a due hearing, it was determined by said Secretary of Labor for the United States that your petitioner had been born in and was a citizen of Ukrania aforesaid, and should be deported thence under the provisions of the immigration statute above referred to; that ever since said date your petitioner has been and still is unlawfully and unreasonably restrained of his liberty in the county jail * * * under the pretended authority of said warrant or order of deportation; and that said restraint is unreasonable and unlawful in this: That the government of the United States, as your deponent is informed and believes, has no diplomatic relations with the government of Ukrania, and is unable to execute its order or warrant of deportation aforesaid, and is unable to deport your petitioner to said Ukrania, and is making no attempt to do so, and has no intention of so doing, and that, unless the said Henry M. White, Commissioner of Immigration aforesaid, is prevented from so doing he will continue unlawfully and unreasonably to restrain your petitioner of his liberty, and confine him as a prisoner in the county jail of King county aforesaid, all in violation of your petitioner's right under the Constitution and laws of the United States"

—and prays a writ. A writ was issued, and a return and supplemental return made, in which the record taken before the Commissioner of Immigration is set out, from which it appears that the department is unable to secure a "Polish passport" for the petitioner, for the reason "that no satisfactory information has been furnished as to alien's place of birth." The order is to deport the petitioner "to his home in Ukrania." This was entered on the 19th day of February, 1921.

[2] A supplemental return is presented, stating that the warrant of deportation has been amended, directing the deportation of petitioner to "Eastern Galacia," to which is attached a telegram from the Assistant Secretary of Labor as follows:

"Ukrania and Eastern Galacia two separate countries with separate and distinct governments of their own. Not recognized by United States. Town of which Jack Matthews is native is now in Eastern Galacia and passport had to be secured from Eastern Galacian representative before deportation could take place. Warrant of deportation is hereby amended directing deportation of alien to Eastern Galacia."

The testimony shows that the Bureau of Immigration had determined as a fact that the petitioner was a native of Ukrania. A party may not be deported to any country other than of his nativity or of his allegiance. There is no established fact in the record, and none has been presented before the court, upon which to predicate an order of deportation to Eastern Galacia. It appears that Ukrania, Galacia, and Eastern Galacia are distinct sovereignties; that—

"The Galacian Republic is now temporarily in exile outside the boundaries of its country because Galacia in 1919 * * * was militarily occupied by Poland, and that Eastern Galacia is a separate state."

The Eastern Galacian government it appears in the record is contending against the occupation by Poland. It further appears that

Eastern Galacia is regarded as a distinct entity, whose political status has not yet been determined.

"The Supreme Council, by its decision of December 8, 1919, defined the so-called Curzon-Pope line as the extreme eastern *temporary* boundary of Poland." (Italics mine.)

This boundary line excludes all of Eastern Galacia, together with Lemberg, capital of that country. There is no evidence as to the location of this line, and it is admitted that Poland is the de facto military occupant of Eastern Galacia, and the Galacian government, so-called, is in exile. It is stated that the petitioner was born in Kaminetz, Podolska province, Ukrania; that he left his place of birth when 15 years of age, and came to Ontario, Canada, with his parents, where he resided until his entry into the United States in 1917. There is no testimony (the telegram is not evidence) in the record or produced upon this hearing which would warrant the deportation of the petitioner to "Eastern Galacia."

It appearing that the petitioner cannot be deported to Ukrania, he will be discharged, unless within 10 days an appeal is prosecuted, pending which he may be released on his recognizance in the sum of $1,000, with sufficient sureties and the usual conditions.