## UNITED STATES ex rel. JANAVARIS v. NICOLLS.

### No. 6613 Misc. Civil.

District Court, D. Massachusetts.

Oct. 20, 1942.

Peter G. Geuras, of Boston, Mass., for petitioner.

Henry Nicolls, District Director of Immigration and Naturalization, and William J. Koen, Asst. U. S. Atty., both of Boston, Mass., for respondents.

WYZANSKI, District Judge.

Janavaris came to the United States as a cabin boy on a Greek steamer on December 3, 1939. In accordance with the applicable statute and regulations he was permitted to land and to visit this country for a period of sixty days. He over-stayed his permitted leave and remained in this country. Aside from his violation of the restrictions embodied in his license to land (which though wrongful is not criminal), Janavaris has violated no law of the United States and has been a law-abiding citizen. Indeed, when the Selective Training and Service Act, 50 U.S.C.A. Appendix § 301 et seq., was adopted, Janavaris

registered for the draft and has been and now is willing to serve in the armed forces of the United States.

On May 12, 1942, a warrant was issued by the Attorney General for the arrest of Janavaris charging him with having remained unlawfully beyond the period of time for which he was admitted. A hearing was held upon that warrant and on July 10, 1942, the Attorney General issued a warrant for the deportation of Janavaris. The warrant specifies, as the place to which the alien shall be deported, Greece, being the country from which the alien came. Section 20 of the Immigration Act of 1917, 8 U.S.C.A. § 156. The warrant, however, gave alternatively a permission to the alien to ship voluntarily upon another vessel of his choice.

Janavaris has petitioned this Court for a writ of habeas corpus, apparently upon the theory that since he cannot be deported to Greece under present conditions, the Department of Justice has no right to keep him in custody and this Court has the power to release him upon his giving surety for his appearance at such time as deportation can be effectuated.

Until the war it was customary for the Department of Justice to release upon bond aliens who had been ordered deported but whose deportation could not promptly be effectuated. Section 20 of the Immigration Act of 1917, 8 U.S.C.A. § 156. But after we became participants in the war the Department refused to release alien seamen who could not be returned to the country of their origin, unless they were willing to accept service upon vessels sailing upon the high seas. Some seamen have chosen to go to sea; others have regarded the alternatives as the equivalent of imprisonment or impressment and have selected the former as the lesser of two evils.

■ The first question which is presented to this Court is whether under Section 20 of the Immigration Act of 1917 an alien who cannot be deported has a statutory right to be released upon bail fixed by the Attorney General. The United States Circuit Court of Appeals for the Sixth Circuit took the view that there was such a statutory right and that if the Attorney General refused to allow the alien to go on bail, the alien was entitled to be enlarged without bail. Prentis v. Manoogian, 6 Cir., 16 F.2d 422. But this construction of the statute has been repudiated and an opposite result has been reached by the Circuit Court of Appeals for the Second Circuit and by the District Court in the Western District of Pennsylvania. United States ex rel. Zapp v. District Director, 2 Cir., 120 F.2d 762; United States ex rel. Ioannis v. Garfinkel, D.C.W.D.Pa., 44 F.Supp. 518. Without committing myself, I assume for the purposes of this case that the later decisions are correct and that the statute does not require that the Attorney General admit an alien to bail but leaves the matter discretionary with the executive.

■■ A more important question remains: Whether under the statute giving the district courts power to issue writs of habeas corpus [R.S. Section 751, Title 28 U.S.C.A. § 451] this Court has the power to release from custody an alien who has been detained an unreasonably long period of time by the Department of Justice after it has become apparent that although a warrant for his deportation has been issued, the warrant cannot be effectuated. That this Court has such power is hardly open to question. Circuit Judge Anderson's decision in Petition of Brooks, D.C.Mass., 5 F.2d 238, settled the matter definitely in this jurisdiction and the same result has been reached in innumerable cases elsewhere. United States ex rel. Ross v. Wallis, 2 Cir., 279 F. 401, 404; Caranica v. Nagle, 9 Cir., 28 F.2d 955; Saksagansky v. Weedin, 9 Cir., 53 F.2d 13, 16 last paragraph; Ex parte Matthews, D.C.W.D.Wash., 277 F. 857; Moraitis v. Delany, D.C.Md. Aug. 28, 1942, 46 F.Supp. 425. It is to be observed, however, that the power residing in the District Court is a power to enlarge an alien who has been held an unreasonably long period of time and not a power to admit him to bail (except in connection with an appeal). United States ex rel. Ng Hen v. Sisson, D.C.S.D.N.Y., 220 F. 538, 540; In re Hanoff, D.C.N.D.Cal., 39 F.Supp. 169. The theory on which the court is given the power to act is that the warrant of deportation, not having been able to be executed, is functus officio and the alien is being held without any authority of law.

The issue, therefore, simmers down to this: Has the Department of Justice kept the alien such an unreasonably long period of time that the warrant has lost its efficacy?

The period of time which judges have found to be appropriate in peace-time varies from one month (see Saksagansky v. Weedin, supra) to four months. Perhaps under war-time circumstances, a long-

er period might be justified. See Judge Chesnut's opinion in Moriartis v. Delany, supra.

The present case, however, is one in which too long a time has already elapsed. The Government cannot assure the Court that a deportation can be effectuated to Greece this year or at any other definite future date. The matter depends on future successful military campaigns. Moreover, in this particular case, the enlargement of the alien presents, so far as appears, no possible danger to the United States. Janavaris has a good reputation. He is a citizen of one of the United Nations. He is willing and apparently anxious to bear arms on behalf of the United States. His continued imprisonment will serve no useful purpose, and the alternative with which he is presented by the Attorney General, that is, service upon a sea-going vessel, is not one which Congress has authorized.

If it be said that it would be better for the United States to have Janavaris released upon bond rather than released without bond, the Attorney General has the power under Section 20 of the Immigration Act of 1917 to make that choice. My order is drawn so as to give the Attorney General a week within which to avail himself of that power.

Ordered that if by October 27, 1942, the Attorney General does not admit the relator to bail, the relator shall be enlarged without bail.