**UNITED STATES ex rel. CHU LEUNG v. SHAUGHNESSY, District Director, Immigration and Naturalization Service, etc. et al.**

United States District Court,
S. D. New York.

Jan. 28, 1950.

92

Samuel B. Wasserman, New York City, attorney for relator.

Irving H. Saypol, United States Attorney, New York City, attorney for respondent.

IRVING R. KAUFMAN, District Judge.

The Court has before it a proceeding on a writ of habeas corpus. The relator contends that he is not committed or detained by virtue of any process or mandate issued by any Court of the United States or any Judge thereof and that said relator is now held and restrained of his liberty in violation of the provisions of the Constitution of the United States.

The relator who had had long residence in the United States returned to the United States in 1948 after a visit to China. He held a United States passport and claimed citizenship by birth. On arrival in New York he was given a hearing before a Board of Special Inquiry of the Immigration and Naturalization Service and was ordered excluded as an alien not in possession of an unexpired immigration visa. His appeal to the Commissioner of Immigration and Naturalization was denied and his appeal to the Board of Immigration Appeals was dismissed. He then obtained a writ of habeas corpus on the ground of lack of due process in the proceeding before the Immigration authorities. This writ was dismissed by Judge Clancy. Thereafter the United States Court of Appeals for the Second Circuit denied relator's motion for a stay of deportation pending his appeal from Judge Clancy's order, and Mr. Justice Jackson of the Supreme Court of the United States likewise denied relator's application for a stay of deportation pending his appeal to the Court of Appeals.

A second writ of habeas corpus was sued out by the relator in March 1949. This writ sought a judicial hearing on the fact of relator's citizenship. This writ was dismissed by Judge Samuel H. Kaufman,—D. C.S.D.N.Y. 83 F.Supp. 925. An appeal was taken from this dismissal to the Court of Appeals for the Second Circuit, and by an opinion dated July 19, 1949, 176 F.2d 249, the Court of Appeals affirmed Judge Samuel H. Kaufman's decision. The relator was released on bail by Judge Samuel H. Kaufman pending the appeal from his order and after the affirmance the relator surrendered himself on January 20, 1950. The affirmance by the Court of Appeals of Judge Kaufman's order dismissing the writ was a direct holding that the avenue for judicial determination of the relator's citizenship was not by a writ of habeas corpus proceeding but by an action under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

The power of the District Court to release from custody an alien who has been detained an unreasonably long time, after it has become apparent that the warrant for his deportation cannot be effectuated, is a power to enlarge the alien and not a power to admit him to bail. United States ex rel. Janavaris v. Nicolls, D.C. Mass.1942, 47 F.Supp. 201.

Under section 2241 of Title 28 U.S.C.A., the District Court has the power to issue writs of habeas corpus and a District Court has the power to release from custody an alien who has been detained an unreasonably long period of time by the Department of Justice after it has become apparent that the warrant for his deportation cannot be effectuated. Such is not the case here. An order of exclusion can be effectuated and all applications to stay the order made by the relator have been denied. Any delay in the exclusion is due to the relator, himself and results from his habeas corpus proceedings and his present action under Section 503 of the Nationality Act.

All administrative proceedings under the jurisdiction of the Attorney General looking to the exclusion of this relator have been terminated and the Immigration and

Naturalization Service has done all it can to expedite relator's departure. Furthermore, it should be noted that the administrative proceeding in this case was exclusion and not deportation and the statutory authority vested in the Attorney General who in his discretion "may" grant bail applies only to deportation proceedings. Section 156, Title 8 U.S.C.A.; U. S. ex rel. Zapp v. District Director of Immigration and Naturalization, 2 Cir., 1941, 120 F.2d 762. Cf. U. S. ex rel. Paetan v. Watkins, 2 Cir., 1947, 164 F.2d 457; U. S. ex rel. Carapa v. Curran, 2 Cir., 1924, 297 F. 946, 36 A.L.R. 877.

◼ It appears, therefore, that the relator is being properly detained at Ellis Island in New York under the order of exclusion, duly entered on November 5, 1948, and he is, therefore, not being unlawfully detained. There is no basis, therefore, for sustaining the writ applied for herein.

◼ Relator seems to claim that the Immigration and Naturalization Service had no jurisdiction to determine the question of relator's citizenship and that he was entitled to a judicial hearing on that issue. Though relator does have his action under Section 503 of the Nationality Act of 1940 (and he states that he has commenced such an action on or about November 7, 1949 in the United States District Court for the District of New Jersey) still the Immigration authorities did have jurisdiction to determine whether he was or was not a citizen, i. e., whether it had jurisdiction to exclude him. U. S. ex rel. Lapides v. Watkins, 2 Cir., 1948, 165 F.2d 1017. Relator states that he wrote to the Immigration and Naturalization Service requesting that he be released on bail while prosecuting his action in the District Court of New Jersey. The matter was referred to the Washington, D. C. office of the Service and relator was informed that administrative bail was denied. Relator evidently desires that the Court should review this action by means of this writ.

◼ There is no provision for statutory bail under the facts of the instant case to be found under the Nationality Act of 1940. Section 503 of that Act does provide that a person outside of the United States who has instituted an action under the Act may apply and obtain under certain conditions a "certificate of identity" which will admit him to the United States during the prosecution of the suit. This certificate need not be granted and the suit under the Act can be prosecuted without the person bringing the suit being present. If a certificate is denied, the person claiming the right of nationality can appeal to the Secretary of State.

◼ On the basis of the above provisions, and the facts of the instant case, the Court is of the opinion that it cannot release the relator in this country on a petition for a writ of habeas corpus. The relator can only proceed under Section 503 of the Nationality Act.

Writ of habeas corpus is dismissed and the relator is remanded to the custody of the respondent.