**UNITED STATES ex rel. SOO HOO CHEW YEE v. SHAUGHNESSY, District Director of the Immigration and Naturalization Service.**

United States District Court
S. D. New York.
April 26, 1952.

Spar & Schlem, New York City, for relator.

Myles J. Lane, U. S. Atty., New York City, Lester Friedman, Attorney in the office of the District Counsel, Immigration and Naturalization Service, U. S. Department of Justice, New York City, for respondent.

IRVING R. KAUFMAN, District Judge.

Soo Hoo Chew Yee, relator, pursues the wrong remedy. He uses this habeas corpus proceeding as ancillary to his declaratory judgment action which, in accordance with the provisions of Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, he commenced in the District Court for the District of Columbia.

Relator claims derivative citizenship as the alleged son of Soo Hoo Fow, who was a citizen of the United States. In pursuance of that claim, he applied to the American Consul at Hong Kong, B. C. C., for documentation as a citizen of the United States. He alleged birth in China on November 25, 1922, and was duly issued a certificate of identity which authorized his travel to the United States for the purpose of establishing his citizenship here. Upon his arrival at the port of New York on May 22, 1951, he was detained for a hearing before an Immigration and Naturalization Service Board of Special Inquiry because he then lacked any evidence to support his claim to United States citizenship. After a full and appropriate hearing before the Board of Special Inquiry, at which he was represented by counsel, it was determined on August 23, 1951 that he had failed to establish his alleged citizenship and ordered that he be excluded from the United States as an immigrant not in possession of a valid visa. The record was forwarded to the Commissioner of Immigration and Naturalization and the Acting Assistant Commissioner affirmed the order of exclusion on November 1, 1951.

An appeal then followed to the Board of Immigration Appeals. This appeal was dismissed on February 20, 1952. On March 11, 1952 the aforesaid action for a declaratory judgment was commenced in the United States District Court for the District of Columbia.

By means of the petition before me, relator seeks to prevent his deportation to China and to effect his release under bond pending the final hearing and determination of his declaratory judgment action. He does not question the fairness or adequacy of the administrative hearings afforded him. His counsel concedes that they were perfectly in order. Nor does he question the legal authority supporting the order of exclusion, which seems to be valid in all respects. Relator's one contention is that the action of the Commissioner of Immigration and Naturalization is unreasonable and unlawful. The allegation of unlawfulness points solely to the Commissioner's refusal to grant an administrative stay of deportation to permit relator to appear in his pending declaratory judgment action. It is alleged that an unduly severe burden would be put upon relator if he were returned to China, for to do so would require his applying anew to the United States Consul at Hong Kong, for a certificate of identity to return to the United States to process the suit for a declaratory judgment. Practically, this is a most persuasive argument. It would seem ludicrous to send this man back across half the globe only to have him attempt to return to these shores for exactly the same reason which explains his presence here at this moment. I say "attempt to return" for it might well be that once back in Hong Kong, his exclusion from the United States would stigmatize any further dealings he necessarily would have with the American Consul at Hong Kong if he sought to return here. Considering the apparently modest circumstances of relator, one wonders if he would ever again be able to run this particular gantlet from Hong Kong to America.

In support of his claim that this Court is competent to sustain the writ of habeas corpus, relator relies heavily upon Kaminer

v. Clark, 1949, 85 U.S.App.D.C. 205, 177 F.2d 51, certiorari denied, 1949, 338 U.S. 873, 70 S.Ct. 147, 94 L.Ed. 536. I cannot agree with him. No assertion was made in the Kaminer case, as is made here, that the relator was a national of the United States and, therefore, entitled to the remedy provided for by 8 U.S.C.A. § 903. What Kaminer sought was a declaratory judgment determining that an act which permitted his exclusion on the ground that it was prejudicial to the best interests of the nation was unconstitutional, and that deportation or detention without a hearing was illegal and void.

■■■ The Court noted that while that suit was for a declaratory judgment, it was substantially similar to an application for a writ of habeas corpus because the relator complained that his detention without a hearing was unlawful. The Court held that in such a situation habeas corpus was the remedy, and a petition therefor should be brought in the Southern District of New York where Kaminer was being detained. But section 903 does not sanction a suit of the character involved in the Kaminer case. There an action for a declaratory judgment was being substituted for habeas corpus. Here we have the reverse situation. In neither case is there authority for such a substitution. Furthermore, habeas corpus cannot be used as ancillary to the instant relator's declaratory judgment suit. His remedy is in that action.

■■ The District Court for the District of Columbia would have the power, after an appropriate showing, to enjoin the relator's deportation pending the trial of his action. I full well recognize that although that District Court might stay relator's deportation, it is not competent to issue a writ of habeas corpus as to this relator who is located on Ellis Island. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

■■ Relator's additional prayer that he be admitted to bail during the pendency of his action only serves to accentuate the strictures placed upon a District Court in circumstances such as these. Relator urges that the denial of bail pending his declaratory judgment action by the Commissioner of Immigration is an abuse of discretion. But there is no provision for statutory bail under these facts, for the administrative proceeding here was in the nature of exclusion and not deportation. There is no statutory authority vested in the Attorney General or any other executive officer to grant bail in such a proceeding. Such authority applies only to deportation proceedings.

In urging that this Court grant bail, relator correctly contends that even if an injunction were to be granted in the declaratory judgment suit, the District Judge in the District of Columbia might not have the power to release relator on bail. The limits on the power of this Court to grant bail apply with equal force to that Court. This Court has stated in United States ex rel. Chu Leung v. Shaughnessy, D.C.S.D.N.Y. 1950, 88 F.Supp. 91 at page 93:

"There is no provision for statutory bail under the facts of the instant case to be found under the Nationality Act of 1940. Section 503 of that Act does provide that a person outside of the United States who has instituted an action under the Act may apply and obtain under certain conditions a 'certificate of identity' which will admit him to the United States during the prosecution of the suit. This certificate need not be granted and the suit under the Act can be prosecuted without the person bringing the suit being present. If a certificate is denied, the person claiming the right of nationality can appeal to the Secretary of State."

■■ This exclusion proceeding has come to an end and relator merely awaits the execution of the order of exclusion. United States ex rel. Chu Leung v. Shaughnessy, supra; United States ex rel. Janavaris v. Nicolls, D.C.D.Mass. 1942, 47 F.Supp. 201.

■■ Since the detention is not unlawful, and no challenge is made to the fairness of the administrative hearings before the Immigration authorities, the writ must be dismissed. Quon Quon Poy v. Johnson, 1927, 273 U.S. 352, 358, 47 S.Ct. 346, 71 L.Ed. 680.