## ENG v. ACHESON.

United States District Court
S. D. New York.

Dec. 1, 1952.

Haskell R. Barst, New York City, for plaintiff.

Myles J. Lane, U. S. Atty. for Southern District of New York, New York City, William J. Sexton, Asst. U. S. Atty., New York City, of counsel, for defendant.

SUGARMAN, District Judge.

Plaintiff seeks an order directing the Secretary of State to instruct the American

Consulate General at Hong Kong to issue a certificate of identity to plaintiff's alleged son, Eng Jun Hing, permitting the latter to come to the United States to appear in an action for a declaratory judgment commenced in this court by plaintiff on behalf of Eng Jun Hing, to establish the son's status as a citizen and national of the United States.

Plaintiff claims that he, a citizen son of a natural born citizen, went to China in 1934 and returned to the United States in 1937; that, while in China, Eng Jun Hing was born to him and his wife on December 2, 1935.

On October 2, 1951, Eng Jun Hing applied for travel documents to come to the United States, pursuant to 8 U.S.C.A. § 903, so that he might enter this country to prosecute the said action. On March 17, 1952, the application was denied by the American Consulate General at Hong Kong and an appeal from this denial to the Secretary of State was disallowed on the following grounds:

"1. Radiological examinations by competent physicians which indicates that Eng Jun Hing is under ten years of age and not sixteen as claimed.

"2. Discrepancies in testimony concerning matters which should have been common knowledge had the alleged relationships existed in fact.

"3. The fact that Eng Jun Hing was unable to present as evidence of his identity or relationship any data which might reasonably be expected to be available to a bona fide claimant to citizenship, such as old family photographs, school records which could be verified, remittances and letters exchanged between the applicant and alleged father over a reasonable long period of time and prior to the date of the request for documentation."

In the instant motion, plaintiff urges that unless Eng Jun Hing is afforded the oppor-tunity to come to the United States to prosecute the action in person, it will be difficult, if not impossible, to properly present his proof on the issues raised by the pleadings. The plaintiff submits that the radiological examinations made by the administrative officials are not conclusive, and he controverts the finding that the x-ray plates indicate Eng Jun Hing's age to be under ten years, relying on a Hong Kong physician's opinion that they indicate to him that the child is about twelve or thirteen.

The defendant contends that there is no jurisdiction in this court to grant the relief sought, because the discretion granted by statute to the appropriate administrative officials is not reviewable.

■ The instant motion seeking relief formerly obtainable by writ of mandamus is properly before the court[1] and plaintiff's substantive rights in the matter are still governed by principles formerly applied in mandamus cases.[2]

■ The controlling law is found in Wilbur v. United States[3] where, in discussing the problem whether a writ of mandamus should issue to compel action by the Secretary of the Interior, the Supreme Court said:

"Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either.

"The duties of executive officers, such as the Secretary of the Interior, usually are connected with the administration of statutes which must be read and in a sense construed to ascertain what is required. But it does not follow that these administrative duties

1. Fed.Rules Civ.Prac. 81(b), 28 U.S.C.A.; Moore's Federal Practice, 1st Ed., Vol. 3, § 81.01, p. 3427.

2. State of Tennessee v. Taylor, 6 Cir., 169 F.2d 626.

3. 281 U.S. 206, 218–219, 50 S.Ct. 320, 324, 74 L.Ed. 809.

all involve judgment or discretion of the character intended by the rule just stated. Where the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there be provision or implication to the contrary. But where the duty is not thus plainly prescribed but depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."

█ The statute [4] under which the instant plaintiff made his application, in pertinent part provides:

"* * * If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States; and from any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Sec-

retary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided. * * *"

By this statute, the diplomatic and consular officers have been granted a discretionary authority to determine whether in a particular case a certificate of identity should issue, and absent a showing that the exercise of this discretion was arbitrary or capricious,[5] the decision cannot be reviewed by mandamus.[6]

█ I am unable to accept the premise upon which an order similar to that here sought was recently granted, i. e., that the administrative act involved was merely ministerial.

█ Plaintiff, however, contends that the court has intrinsic authority to order the defendant to issue the certificate of identity sought by plaintiff or otherwise to cause the production of Eng Jun Hing at his trial in the interest of justice.

Judge Goodman adequately disposed of that contention in the Yee Gwing Mee case [7] in this language:

"It is argued that the defendant, by foreclosing the right to travel documents, may defeat the very litigation directed against him. If the denial of the certificate has that effect, then the remedy is by legislation.

"There is no way of knowing before trial, whether the presence of petitioner is indeed necessary. It may well be that at trial, if the presence of petitioner proves to be necessary, the court may, pursuant to its inherent power in that regard, order the defendant to cause the production of plaintiff *as a witness*. But that it is not necessary now to decide. If the power to do so does exist, it could not, of course, be exercised except upon a proper showing. Certainly no showing is made here as to any need for the presence of this

4. 8 U.S.C.A. § 903.

5. U. S. ex rel. Knight v. Lane, 228 U.S. 6, 33 S.Ct. 407, 57 L.Ed. 709.

6. Hammond v. Hull, 76 App.D.C. 301, 131 F.2d 23; Yee Gwing Mee v. Acheson, D.C.N.D.Cal.S.D., 108 F.Supp. 502.

7. Yee Gwing Mee v. Acheson, supra.

child plaintiff in order to determine the litigation. Indeed, it is difficult to see how he could give any pertinent evidence as to his own birth or parentage or identity." (Emphasis in original.) Motion denied.