## WONG FON HAW v. DULLES, Secretary of State.

United States District Court
S. D. New York.

Sept. 24, 1953.

S. R. Rubin, New York City, for the motion.

J. Edward Lumbard, U. S. Atty., for the Southern District of New York, New York City, and Philip M. Drake, Asst. U. S. Atty., New York City, opposed.

HOLTZOFF, District Judge (sitting by designation).

This is an application in an action to establish nationality brought under Section 503 of the Nationality Act of 1940, U.S. Code, Title 8, Section 903,[1] for a certificate of identity which would permit the plaintiff to proceed from China to the United States in order to testify at the trial of this action.

The Court is of the opinion that power to grant this relief does not exist since the statute vests the authority to do so solely and finally in the Secretary of State. The Court concurs with the opinion of Judge Goodman in the Northern District of California in the case of Yee Gwing Mee v. Acheson, D.C., 108 F.Supp. 502, who held that the power does not exist. The same result was reached in this district by Judge Sugarman in Eng v. Acheson, D.C., 108 F. Supp. 682.

The Court is not unmindful of the fact that Judge Driver in the Eastern District of Washington reached the opposite result. This Court, however, agrees with the reasoning of Judge Goodman and of Judge Sugarman, rather than with the reasoning of Judge Driver. It should be observed that Judge Driver's decision was made before Judge Goodman's and that Judge Goodman expressly referred to it but expressed disagreement with it.[2]

Even if power to grant the relief existed, the Court would be constrained to deny the application in the exercise of discretion. The statute provides that such a certificate of identity may be granted only upon a showing that the action is brought in good faith, in other words, upon a showing of a meritorious cause of action,

1. Immigration and Nationality Act, § 360 (b), 8 U.S.C.A. § 1503(b).

2. Judge Driver informed the writer that his remarks were made on an application for an order to show cause, and that when the matter was heard on the return to the order, he decided against the plaintiff.

and that the plaintiff has a probability of recovery at the trial.

█ The burden is placed affirmatively on the plaintiff. No attempt to sustain this burden has been made on this application. Good faith cannot be presumed merely from the fact of the bringing of · the action. Good faith must ,be established by an affirmative showing to that effect.

The Court is not unmindful of the fact that the denial of an application such as this may thwart plaintiff in the assertion of his right to seek citizenship and as a practical matter may even result in a defeat of the action. There are, however, countervailing considerations. If such certificates were issued as a matter of course then it is entirely conceivable that many such actions would ,be brought for the purpose of securing a temporary entry into the United States even if the claim of citizenship has no sound basis. The Government would then be confronted with the usual difficulties that surround efforts to deport an alien who has been admitted even temporarily.

For the two reasons stated, the motion is denied.