**UNITED STATES ex rel. CHIN MING MOW**
v.
**SHAUGHNESSY et al.**

**CHIN MING MOW v. DULLES et al.**

United States District Court
S. D. New York.
Oct. 31, 1953.

J. Edward Lumbard, U. S. Atty., for Southern Dist. of N. Y., New York City, Harold J. Raby, Asst. U. S. Atty., New York City, of counsel, Matthew A. Campbell, Asst. U. S. Atty., New York City, for respondents and defendants.

Samuel B. Waterman, New York City, for relator and plaintiffs.

CONGER, District Judge.

Certain relief is sought by the parties to these proceedings all of which I shall consider in this opinion.

One of the proceedings is a writ of habeas corpus which came on for hearing before me.

The petition in support of such writ alleges in substance that the relator is a citizen of the United States and is the father of Chin Sun Hong, who arrived in the United States on July 3, 1952 by Pan American Airways, from Hong Kong; that Chin Sun Hong was in possession of travel documents in his own name and requested admission to the United States on the ground that he was the son of the relator and entitled to admission as a citizen under the laws of the United States; that Chin Sun Hong was ordered excluded by a Board of Special Inquiry on September 3, 1952 and his appeal to the Board of Immigration Appeals was dismissed on May 5, 1953.

The petition further alleges that an action was commenced on December 15, 1952 in this Court by relator and his son under Section 503 of the Nationality Act of 1940[1] to have Chin Sun Hong judicially declared a citizen of the United States; that in such action relator alleged that Chin Sun Hong is the lawful issue of a marriage in China between relator and Ng Gam Gee, and was born in China on July 8, 1936; that the complaint further alleged that Chin Sun Hong applied at New York as aforesaid for admission to the United States as a citizen under Section 1993 of the Revised Statutes[2] and said application was denied and that Chin Sun Hong is being held by the Immigration and Naturali-

---

1. Immigration and Nationality Act 1952, 8 U.S.C.A. § 1503.

2. Immigration and Nationality Act 1952, 8 U.S.C.A. §§ 1431–1433.

zation Service of the Department of Justice at Ellis Island and has been advised he will be returned to China.

The petition further alleges that defendants have not answered[3] the complaint in the aforesaid action, having requested and received four extensions of time to do so; that on May 28, 1953, after the Board of Immigration Appeals had dismissed Chin Sun Hong's appeal in the exclusion proceeding, an employee of the Immigration and Naturalization Service stated to petitioner's attorney that Chin Sun Hong would not be deported until his Nationality Act case had been determined; that nothing further was heard from the Immigration and Naturalization Service until June 22, 1953 at which time it advised Chin Sun Hong he would be deported; that had petitioner not relied on the word of the employee of the Immigration Service, the last extension to answer would not have been given.

The petition further alleges that the only issue raised in the exclusion proceeding was whether Chin Sun Hong was relator's son and the Immigration and Naturalization Service decided he was not on the principal ground that blood tests indicated such relationship was impossible; that relator has exhausted his administrative remedies by which he might obtain his son's admission, and his request for release of his son from custody on bond has been denied.

The relief sought by the writ is the release of Chin Sun Hong on bond pending the determination of his Nationality Act suit so that he may remain here to testify and to avoid the hardship and expense of a trip to China and return in the event his suit is successful.

In substance the respondents' return to the writ of habeas corpus does not dispute the facts as alleged in the petition.

The only provision in the Immigration and Nationality Act of 1952 for the release of an excludable alien on bond or otherwise is found in Section 212(d) (5) of said Act, 8 U.S.C.A. § 1182(d) (5), wherein the Attorney-General is given discretion to parole excluded aliens for emergent reasons or reasons deemed strictly in the public interest. It does not appear that Chin Sun Hong has sought the benefit of this Section. Otherwise, there is no provision for the relief sought here, nor was there under the statutes existing prior to December 24, 1952. See U. S. ex rel. Soo Hoo Chew Yee v. Shaughnessy, D.C.S.D.N.Y. 1952, 104 F.Supp. 425; U. S. ex rel. Chu Leung v. Shaughnessy, D.C.S.D. N.Y.1952, 88 F.Supp. 91; Shaughnessy v. U. S. ex rel. Mezei, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956.

It is clear from the petition of the relator that he does not contest in this proceeding the legality of Chin Sun Hong's detention. He respectfully requests "that this writ be granted so that relator and petitioner may have an opportunity to bring to trial the action now pending so that he may submit proof as provided by law that petitioner is the father of Chin Sun Hong, and that Chin Sun Hong is entitled to be admitted to the United States as a citizen thereof."

Since he seeks no review of the exclusion order, preferring to proceed by his suit, there is nothing for me to do but dismiss his writ which I do.

The defendants seek dismissal of the suit under Section 503 of the Nationality Act of 1940 on various grounds.

The complaint in the suit under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, alleges in substance the same things set forth in the petition for the writ. The action was commenced nine days prior to the repeal of the Act. It is conceded by everybody that the suit could not be brought after December 24, 1952.

Section 503 read in part:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or

3. Defendants eventually answered on August 11, 1953.

agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States."

The defendants argue that the complaint fails to meet the requisites of the statute in that it does not allege a right or privilege as a national of the United States; a denial of this right or privilege by a department, agency or executive official thereof; a denial of such right or privilege upon the ground that he is not a national.

■ The argument has merit with respect to defendant Dulles.

Nowhere in the complaint is there a suggestion that Dulles or the State Department has denied a right or privilege of plaintiff except as contained in the conclusory allegation of paragraph 12th to the effect that defendants have refused to recognize plaintiff as a citizen and to accord him rights and privileges as such. But not one fact is pleaded to show that Dulles or the State Department ever had the slightest contact with Chin Sun Hong or ever heard of him. Certainly the plaintiff may not make a lawsuit out of the caption of the complaint.

As to defendant Brownell, the complaint appears to plead sufficiently a claim under the Act.

■ It alleges that Chin Sun Hong applied for admission, and was refused recognition as a citizen and was refused rights and privileges as a citizen.

The cases upon which the defendants rely, Lee Hung v. Acheson, Lee Siu v. Acheson and Lee Jam v. Acheson, D.C. D.Nev. 1952, 103 F.Supp. 35, are distinguishable. There the complaints alleged that the plaintiffs, citizens of the United States, applied to the American Consul in China and Hong Kong for visas, etc. and were refused the same "for reasons that are unknown." It is obvious that the complaints failed to meet the jurisdictional requirements of the Act. Even so the Court granted leave to amend which I certainly could do here if I thought it necessary.

■ The defendants' second contention, that no justiciable controversy existed at the time plaintiff filed his complaint, has no merit. There was a controversy the minute Chin Sun Hong was denied admission and he was not required to wait until the Board of Immigration Appeals dismissed his appeal ten months later.

This is an action independent of the exclusion proceeding. The plaintiffs could have brought this action as soon as the Immigration officers refused to allow Chin Sun Hong to enter this country for the reasons stated above. There is nothing in § 503 which indicates that an action of this type is to succeed some prior administrative proceeding. Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120.

■ The defendants' third contention, that habeas corpus is plaintiff's only remedy, would be applicable had not the plaintiff commenced his action prior to the expiration of the Nationality Act.

■ The writ of habeas corpus is dismissed.

The defendants' motion is granted as to Dulles with leave to the plaintiff to amend within 20 days from service on plaintiff's attorney of the order on this decision with notice of entry, otherwise defendants' motion is denied.

Settle orders.