**CHIN MING MOW et al.**
v.
**DULLES, Secretary of State et al.**

United States District Court
S. D. New York.
Dec. 14, 1953.

Samuel B. Waterman, New York City, for plaintiffs.

J. Edward Lumbard, U. S. Atty., S. D. New York, New York City, for the Unit-

6. LSA–R.S. 22:658.

ed States. Matthew A. Campbell, Asst. U. S. Atty., New York City, of counsel.

CONGER, District Judge.

This is an application by the plaintiffs for an order restraining the defendant Brownell from executing an exclusion order and for release on bail of Chin Sun Hong pending trial of this action under Section 503 of the Nationality Act of 1940, 8 U.S.C. § 903.[1]

The facts of this case may be found in my opinion dated October 31, 1953, D.C., 118 F.Supp. 490, which dismissed a petition for a writ of habeas corpus but sustained the complaint under Section 503 of the Nationality Act.

The grounds for the relief sought here are the prejudice resulting in preventing Chin Sun Hong from testifying and participating in the trial of this action if the exclusion order is executed and the expense of returning from China in the event he is successful.

I am of the opinion that I have no power to grant this relief.

 Under the Statutes in effect prior to December 24, 1952, 8 U.S.C. § 154, and those now in effect, 8 U.S.C.A. § 1227(a), excluded aliens must be immediately deported unless the Attorney-General believes their immediate deportation not practicable nor proper. Such deportation might have been, and may be, suspended also if the testimony of such excluded aliens is necessary on behalf of the Government. 8 U.S.C. § 154, and 8 U.S.C.A. § 1227(d). Further, an appeal to the Board of Immigration Appeals from the exclusion order would have stayed, and will stay, deportation, 8 U.S.C. § 153, and 8 U.S.C.A. § 1226(b), as would, and will, a writ of habeas corpus testing the validity of the exclusion proceedings.

 The Attorney-General has discretion to parole excluded aliens for emergent reasons or reasons deemed in the public interest under Section 212(d) (5) of the Immigration Act of 1952, 8 U.S.C.A. § 1182(d) (5). Otherwise,

there is no provision for release of an excluded alien, nor was there under the statutes existing prior to December 24, 1952. See Shaughnessy v. U. S. ex rel. Mezei, 345 U.S. 206, 73 S.Ct. 625 and other cases cited in my opinion of October 31, 1953.

 The application for a stay and bail in the instant suit places no reliance upon the foregoing provisions, as well as it might not.

How, therefore, may this Court, apart from the statutes designed to regulate immigration and naturalization, acquire the power to grant relief not obtainable under such statutes? Certainly Section 503 does not specifically authorize it. As a matter of fact, the suit may be tried whether the plaintiff is in the Country or not.

Nor do I think such power is implicit in Section 503 nor authorized by 28 U.S. C. § 1651.

A somewhat parallel circumstance, I believe, is found in those cases where the plaintiff seeks to compel the issuance of a certificate of identity. The majority of the cases, with which I agree, have held that Section 503 vests no power in the Court to compel such issuance. Wong Fon Haw v. Dulles, D.C.S.D.N.Y., 114 F.Supp. 906; Yee Gwing Mee v. Acheson, D.C.N.D.Cal.S.D., 108 F.Supp. 502; Eng v. Acheson, D.C.S.D.N.Y., 108 F.Supp. 682; Cf. Acheson v. Nobuo Ishimaru, 9 Cir., 185 F.2d 547, dismissing appeal from order of Judge Metzger, District of Hawaii, granting the relief. If the Court is powerless to direct, in effect, that the plaintiff be permitted to come here to sue, in what better position is the instant plaintiff who came here without authority and was detained at the gate? In my opinion his position is no better for if it were he could avoid adverse rulings by the Consul, the Secretary of State and the Courts by stowing away, and upon arrival here, obtaining the relief presently sought.

The application is denied.

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.