Petition of Joe CAHILL, for a Writ
of Habeas Corpus.

Cal. No. 1106, Docket 71–1855.

United States Court of Appeals,
Second Circuit.

Argued Sept. 3, 1971.

Decided Sept. 3, 1971.

Frank Durkan, New York, City, for petitioner-appellant.

Stanley H. Wallenstein, Sp. Asst. U. S. Atty., New York City, for respondent-appellee.

Before KAUFMAN, HAYS, and FEINBERG, Circuit Judges.

PER CURIAM:

Joe Cahill, a British citizen holding a valid Irish passport and a visa permitting entry into the United States, boarded an airplane in Dublin, Ireland, on September 1, 1971, bound for the United States. Upon his arrival at New York's Kennedy Airport, immigration officers informed him that his visa had been revoked by the Secretary of State and detained him pending a determination of his alien status. Although an exclusion hearing before a Special Inquiry Officer was scheduled for 9:00 A.M., September 2, counsel for Cahill requested and was granted an adjournment until September 7.

Counsel for Cahill has requested that Cahill be released on bail or paroled. The Attorney General through the District Director, Immigration and Naturalization Service, New York, has denied this application.

Alleging that the denial of bail or parole by the Attorney General was arbitrary and capricious in violation of the

first and fifth amendments to the Constitution, Cahill petitioned the District Court for a writ of habeas corpus directing Sol Marks, District Director of the Immigration and Naturalization Service to show cause "why the petitioner should not be restored to his liberty and granted bail or parole pending determination of his status. \* \* \*" After a hearing in open court, Judge Wyatt denied the petition without prejudice.

Immigration officers have the right to detain for further inquiry any alien "who may not appear to the examining immigration officer at the port of arrival to be clearly and beyond a doubt entitled to land." 8 U.S.C. § 1225(b). The Attorney General, however, "may in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States \* \* \*." 8 U.S.C. § 1182. Petitioner's allegation that the denial of bail or parole under the authority of this section was arbitrary and capricious in violation of the first and fifth amendments is without merit.

█ █ It is established constitutional doctrine that an alien denied entry does not enjoy the panoply of rights granted by the Constitution. "Whatever the rule may be concerning deportation of persons who have gained entry into the United States, it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien. \* \* Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543–544, 70 S.Ct. 309, 94 L.Ed. 317 (1950). See also Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 210–215, 73 S.Ct.

625, 97 L.Ed. 956 (1953). This firmly embedded line of decisions bars our review of the Attorney General's discretion as long as he has exercised discretion under §§ 1182(d) (5) and (6) to deny parole. Chin Ming Mow v. Dulles, 117 F. Supp. 108 (S.D.N.Y.1953).

█ The petitioner argues that he will contend at his hearing that he does not fall into the category of an "alien denied entry." On the papers before us we cannot determine the merits of this contention. But cf. Shaughnessy v. United States ex rel. Mezei, *supra*, 345 U.S. at 215, 73 S.Ct. 625, 97 L.Ed. 956. At this posture of the proceedings before the Immigration and Naturalization Service we believe we are without authority to grant parole or bail.

The appeal from Judge Wyatt's order is dismissed and parole or bail is accordingly denied.