Salam PAULIS, Petitioner,

v.

Charles SAVA, Immigration and Natural-
ization Service, Respondent.

No. 82 Civ. 4716 (MEL).

United States District Court,
S. D. New York.

Aug. 13, 1982.

Lebenkoff & Coven, New York City, for petitioner; Abraham Lebenkoff, Jules E. Coven, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., D. N. Y., New York City, for respondent; Thomas E. Moseley, Sp. Asst. U. S. Atty., New York City, of counsel.

LASKER, District Judge.

Salam Paulis, an Iraqi citizen, attempted to enter the United States on January 26, 1982, using a visa which was discovered to be fraudulent. He was detained for an exclusion hearing under 8 U.S.C. § 1225(b) and questioned by an immigration inspector. According to his sworn statement to the immigration officer, he purchased the visa from an Egyptian man in Italy for $2,000. (Record of Sworn Statement in Affidavit Form, Exhibit C to Affidavit of James A. Jasey).

Paulis filed an application for political asylum, which was referred to the Department of State for an advisory opinion. The State Department recommended denial of the application. An exclusion hearing was then scheduled pursuant to 8 U.S.C. § 1226.

Prior to the hearing, Paulis requested release on parole. The request was denied by James A. Jasey, the Acting District Director of the Immigration and Naturalization Service ("INS"), by letter dated March 2, 1982. (Exhibit A to Jasey Affidavit).

After a two day exclusion hearing, the Immigration Judge found Paulis excludable and denied his request for political asylum. A notice of appeal has been filed. Pending appeal, Paulis remains in custody.

Paulis now petitions for a writ of habeas corpus, alleging that he is being detained in violation of the law because the rule under which his request for parole was denied was not promulgated in accordance with the requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553. He also contends that even if his detention is legitimate, it is "inhumane" to keep him in custody for over four months pending an appeal, particularly because the delay, he contends, is solely due to the government's tardiness.

Paulis' argument based on the alleged applicability of the APA relies almost entirely on Judge Spellman's recent decision in *Louis v. Nelson*, 544 F.Supp. 973 (S.D. Fla.1982), *appeal denied*, 11th Cir., 683 F.2d 1311, which held that:

> when the Government changed its long-standing policy of freely paroling Haitians to a policy of incarcerating them while they litigate their claims for admission to this country, it did so in a procedurally improper way."

*Id.* at 1004. Judge Spellman ruled that the change in policy constituted rule-making, and that the resulting rule was null and void because the INS had not followed the rule-making requirements of the APA.

The government answers that *Louis v. Nelson* was wrongly decided, and that, in any event, it is entirely distinguishable from the case at bar. In addition, the government argues that District Director Jasey's decision to deny parole was within his broad discretionary powers, as delineated by *Bertrand v. Sava*, 684 F.2d 204 (2d Cir. 1982). Finally, the government takes the position that the delay in processing

Paulis' appeal is at least partly his own fault because he did not request that the appeal be expedited. (Affidavit of Michael DiRaimondo, ¶ 7).

\*    \*    \*

■ Since the date of Judge Spellman's opinion, and in response to it, the INS has promulgated a new rule regarding the detention and parole of aliens who seek to enter the United States illegally. 47 Fed. Reg.No.132 (July 9, 1982). Paulis has not alleged any procedural or substantive defects in the new rule, nor any reason why it is not applicable to him. The new rule sets out factors to be considered by the district director in determining whether or not to grant requests for parole.

The bulk of the government's lengthy brief consists of detailed argumentation concerning the conclusions to the difficult legal questions reached by Judge Spellman. Under the circumstances of this case, it seems pointless to reconsider the same perplexing issues. A new rule has been promulgated, pursuant to procedures which are not challenged. The government contends that the new rule is merely a formal restatement of the policies and practices it has always followed. If that is so, it should be a simple matter for the INS to reconsider Paulis' request for parole in accordance with the standards which are now published in the Federal Register: the facts could hardly have changed in any significant way since the initial parole decision was reached, inasmuch as Paulis has been in detention for the entire period, and the director who is to make the decision will apparently be the same one who familiarized himself with the circumstances of the case in order to make the original decision and in preparation for this litigation.

It may appear a futility to require the director to make a second decision on the same set of facts, utilizing a set of factors which he asserts he has already considered. However, the requirement of reconsideration, under the circumstances, preserves the integrity of the legal and administrative process. Moreover, to the extent that the

reconsideration *is* an empty gesture, the requirement imposes no burden on the government.

The petition is therefore denied on the condition that within thirty days the INS reconsider Paulis' request for parole in accordance with the standards set forth in the INS rule published in the Federal Register on July 9, 1982.

\*     \*     \*

The question then arises whether Paulis is entitled to be paroled during the period that the INS reconsiders his request, and if his request is denied, while he awaits the decision on his appeal. We think not. On the basis of the objective facts of his case (e.g., he attempted to enter the country under what he almost certainly knew was a fraudulent visa, he has no family here except for an uncle in Chicago, and, most importantly, an immigration judge has rejected his claim for asylum and ordered him deported after a hearing) the INS cannot be said to have abused its discretion in finding that he should remain in custody pending the final determination of his case. The scope of review of the parole decisions of the INS is very narrow, *see Bertrand v. Sava, supra,* and there is no indication on the record that the INS's discretion was exercised "irrationally or in bad faith" or "invidiously against a particular race or group," *id.* at 212, in this case.

However, Paulis is correct in arguing that even if it is legitimate for the INS to detain him pending his appeal, the Constitution imposes some outer limit on the length of time that he can be detained while the government processes his case. Moreover, the government's response, that Paulis has not requested that his appeal be expedited, is inadequate. While it may be appropriate for the Board of Immigration Appeals to consider first those cases in which reasons for urgency are presented, the government has represented to the Court on two occasions that appeals involving detained aliens receive priority treatment (*see* Respondent's Memorandum of Law in Opposition to Petition at 5 n.\* and letter of Thomas A. Moseley, Special Assist-

ant United States Attorney, dated August 2, 1982), and these representations should be honored regardless whether Paulis requests special treatment or whether he waits patiently in line. The letter of Special Assistant Moseley states that "it is not uncommon for a decision from the BIA to be forthcoming within two weeks" from the date that the petitioner submits his brief, in the ordinary case in which the INS waives the filing of an appellate brief. We expect that the government will make every effort to reach a decision on Paulis' appeal during the period of time specified in the Moseley letter.

\*     \*     \*

The petition is denied on the condition that the INS reconsider the parole request within thirty days, as specified above. Paulis is granted leave to reapply unless the INS accords his appeal full priority and disposes of the appeal promptly.

It is so ordered.