**William ROA, Petitioner,**

v.

**Joe D. HOWERTON, District Director, Immigration and Naturalization Service, Respondent.**

**No. 82–1408–CIV–EPS.**

United States District Court,
S.D. Florida,
Civil Division.

Sept. 29, 1982.

Robert Boyer, Miami, Fla., for petitioner.

Patricia Kenny, Asst. U.S. Atty., Miami, Fla., for respondent.

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

SPELLMAN, District Judge.

This cause came before the Court on a Petition for a Writ of Habeas Corpus filed on behalf of William Roa. The record before the Court indicates that Petitioner is a Nicaraguan who arrived at Miami International Airport aboard an Air Florida flight from Tegucigalpa, Honduras on May 8, 1982. Prior to his arrival in the United States, Petitioner resided in Honduras for 2 years, 10 months. Upon arrival, Roa attempted to enter the United States by use of a Honduran passport issued to one Alvaro Antonio Valladares Hanriguez. As a result of his failure to present valid entry documents, INS advised Petitioner that he was excludable under Section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20). Petitioner was detained pursuant to Section 235(b) of the Act, 8 U.S.C. § 1225(b).

On May 13, 1982, at his exclusion hearing, Petitioner conceded that he was excludable from the United States but requested leave to file a request for asylum. On May 21, 1982, Petitioner filed his request for asylum. Petitioner alleges in his asylum application that he fled from Nicaragua because he was a former member of the Somoza regime's National Guard for six years and was in actual combat against the Sandinistas as a member of the air force. He claims he left Honduras because of alleged threats he received from Sandinista agents.

On August 19, 1982, an Immigration Judge determined that Roa was firmly resettled in Honduras and denied the asylum claim as to Honduras based upon Roa's failure to establish a well founded fear of persecution in Honduras. The Immigration Judge also denied his asylum to Nicaragua because Roa had been firmly resettled in Honduras. The Court ordered Roa excluded and deported, but granted relief from deportation to Nicaragua. On August 20, 1982, Roa appealed the determination of the Immigration Judge.

■ Petitioner's initial memorandum of law asserts that he is entitled to release pursuant to the memorandum opinion and final judgment entered by this Court in *Louis v. Nelson,* 544 F.Supp. 973 (1982). This contention is simply without merit. The *Louis* case was a nation-wide class action that challenged a number of practices and procedures used by INS during the exclusion process. Although this Court ultimately sustained the Plaintiffs' contention that the policy pursuant to which they were detained was adopted and implemented in a procedurally improper fashion and entered a final judgment requiring their release, the effect of that judgment is limited to the Plaintiff class certified by the Court. *See generally,* 7A Wright and Miller, Federal Practice and Procedure § 1789. That class consisted of:

All Haitian aliens who have arrived in the Southern District of Florida on or after May 20, 1981, who are applying for entry into the United States and also are presently in detention pending exclusion

proceedings at various INS detention facilities, for whom an order of exclusion has not been entered and who are either:

1) Unrepresented by counsel; or

2) Represented by counsel pro bono publico assigned by the Haitian Refugee Volunteer Lawyer Task Force of the Dade County Bar Association.[1]

Petitioner is not a member of the *Louis* class because he is not Haitian, an order of exclusion has been entered against him, and he is not represented by pro bono counsel. Therefore, Petitioner's release is not required by the *Louis* final judgment.

Petitioner's supplemental memorandum of law argues that even if he is not within the *Louis* class the Defendants herein are estopped from litigating the legality of his detention. The Respondent takes the position that the doctrine of collateral estoppel is inapplicable in the case at bar and, in the alternative, if the doctrine is found to apply, Petitioner's release is not mandated thereby.

■ The parties agree that the basic rule for application of the estoppel doctrine was delineated in *Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202 (5th Cir. 1981).

> Applicability of collateral estoppel is conditioned upon three requirements: (1) that the issue to be concluded be identical to that involved in the prior action; (2) that in the prior action the issue was fully litigated; and (3) that the determination of the issue was necessary and essential to the resulting judgment in the prior action.

With regard to the first of these elements, the challenge to the incarceration of the Plaintiff class members in *Louis* and to the Detention of the Petitioner herein appear similar; both assert that their detention is unlawful. However, that is where the similarity ends. The Plaintiffs in *Louis* clearly established that there was a distinct change in policy from freely paroling Haitian aliens without the exercise of discretion by the District Director to a policy of incarcerating the same individuals subject to a few narrow exceptions.[2] Indeed, the parties in *Louis* stipulated that such a change in policy occurred and differed only on the legal effect of that change. It was on the basis of that stipulation that the Court concluded the provisions of the Administrative Procedures Act had been violated when the parole policy was changed. Moreover, based on the prior policy of parole *without* the exercise of discretion, the Court determined that a remand to the District Director would not be in the best interest of all parties involved. Therefore, the Court fashioned its own remedy to ensure that the parole of the *Louis* class members was controlled.

■ In the case at bar, the Petitioner does no more than attempt to ride on the coattails of the Plaintiffs in *Louis.* The stipulation filed in *Louis* made no mention of freely paroling Nicaraguans, Hondurans or any group of excludable aliens other than Haitians and the Petitioner has made no effort to establish that such a policy existed and has now been changed. There is nothing in this record, other than Petitioner's bold assertions, to indicate that he is detained pursuant to the same change in policy that was found to be unlawful in *Louis* and there is nothing to indicate that he is incarcerated pursuant to some new

---

1. In a separate order entered on the same day as the Final Judgment the class was modified to include those individuals who were class members but for the fact that they were represented by counsel. This modification does not affect Petitioner because he is not otherwise a member of the class.

2. The Court found that the new policy deprived the District Director of his discretion to parole Haitians arriving aboard nonsignatory carriers and that this portion of the new policy consti-

tuted a deprivation of due process. *See Petition of Cahill,* 447 F.2d 1343, 1344 (2d Cir. 1971). Here, the record indicates that the Petitioner was denied parole twice, once in May and again subsequent to the promulgation of interim rules regarding parole. Thus, it is clear that the District Director exercised his discretion with regard to the Petitioner's parole request, that there has not been a denial of due process in this regard, and that remand is not necessary.

unlawful policy as it allegedly pertains to Nicaraguans or excludable aliens in general.[3] In short, there is nothing before the Court to indicate that the same change in policy that substantially impacted the Plaintiffs in *Louis* has similarly effected Petitioner. For this reason, the Court must conclude that the challenge to detention herein is not identical to that made in *Louis* and that the doctrine of collateral estoppel is inapplicable.[4]

In addition to finding that the issue herein is not identical to that litigated in the *Louis* case, it is the view of the Court that no finding can be made that the issue was fully litigated during the pendency of the appeal of that case and that until the appellate court's mandate is issued, it remains unclear that the determination of the APA issue was necessary and essential to the resulting judgment. While the Court believes that Plaintiffs will ultimately prevail on appeal of the *Louis* case, it also feels that while the government exercises its right to seek review of this Court's opinion and final judgment it should not be estopped to challenge that ruling particularly where, as here, the facts materially differ from the circumstances present in *Louis.* Accordingly, the Court finds that the doctrine of collateral estoppel is inapplicable in the case at bar.

Based on the record before the Court, Petitioner has failed to establish that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. Nor has Petitioner demonstrated that the District Director's decision to detain him was arbitrary, capricious or otherwise an abuse of discretion. It is therefore,

ORDERED AND ADJUDGED that William Roa's petition for a writ of habeas corpus be, and the same is hereby, DENIED.

---

**3.** Moreover, even if Petitioner could establish that the District Director has implemented a new policy of detaining Nicaraguans, unless it can also be established that parole was routinely granted without the exercise of discretion, Petitioner would only be entitled to a remand to the District Director for consideration under the prior parole policy not to release as was the case in *Louis. See Bertrand v. Sava,* 684 F.2d 204 (2d Cir. 1982); *Paulis v. Sava,* 544 F.Supp. 819 (MEL) (S.D.N.Y.1982). *See* note 2, *supra.*

**4.** The party asserting the estoppel must show that the issue to be concluded is identical to an issue decided in the prior litigation, that it was actually litigated, and the decision on the issue must have been necessary to the prior judgment. *Matter of Merrill,* 594 F.2d 1064, 1067 (5th Cir. 1979) and cases cited therein.

It is also important to note that even if the estoppel doctrine were applicable here the facts and equities that supported the relief afforded the *Louis* class are not present. First, there is no stipulation, as in *Louis,* that if the detention were found unlawful irreparable harm need not be shown. Second, Petitioner's period of detention is not comparable to that of the class members in *Louis* and there is no impediment to speedy resolution of the Petitioner's asylum claim. Under the circumstances, it would be unfair to apply the estoppel doctrine even if all of the criteria for its application were met. *Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202 (5th Cir. 1981) citing *Johnson v. United States,* 576 F.2d 606, 614 (5th Cir. 1978).